Gaston, Judge.
We are of opinion that the Superior Court did not err in calling in the probate of the alleged will of John Pearce, and ordering a reprobate thereof. Without intimating any opinion upon the merits of the controversy, upon which we have neither formed, nor have a right to form one, we must see that the former probate was made under circumstances fitted to excite doubts of its propriety. The will purports to be-attested by several subscribing'witnesses, but not to be signed by the testator. If attested after his death,then it must have been offered as a nuncupative will, and by law ought not to have been proved as such until after process to the next of kin. If attested in the testator’s presence, it is a singular circumstance that there should be attestation without subscription. The will disposes of the whole estate from the relations of the testator, in favor of one presentía! the making. There should have been no haste in carrying such a' will through the forms of a probate ; and the testimony in support of it ought to have been very satisfactory. Yet it was proved on the day after it was made — and the record is wholly silent as to the proofs by which it was es- . tablished. • Tt is right that the validity of this document as a will should be more deliberately and solemnly tried.
There is no presumption of assent to the probate before or when it was made, and when the ¡dispersed situation of the next of kin, and the disabilities of several of them as infants and married women are considered, there is not a sufficient ground afforded by the delay in preferring this petition, from which to infer an acquiescence in the probate since.
*49 It being impracticable to serve the defendant Abram Maer with personal notice of the petition it was competent for the courts to direct such notice by publication as is pre-miii • . . , J , scribed by law in cases of suits by petition (1 Rev. Stat. c. 31 sec. 98).
The order of the Superior court is affirmed, and this opinion directed to be certified thereto.
Per Curiam. Judgment affirmed.