Ruffin, C. J.
 

 Armstrong and wife took no proofs. The executor examined several witnesses ; but it is not necessary to state this evidence particularly, or further than to remark generally, that it substantially sustains the case made in the executor’s allegation. The Court, however,-deems the original allegation so essentially defective, fhat upon its face it ought to have been rejected— taking into consideration the vagueness of the terms in which the compromise is spoken of in it and the total failure of proof on the point. The whole force of the allegation consists in the fact, that probate was granted without formal citation to the widow. It is contended, that of common right she may, for that reason alone, have the probate recalled and require one in solemn form.
 

 The Court does not accede to that position. It is clear, that in England a sentence in a probate Court concludes all who are privy to the proceedings, that is, who have a knowledge of them, either actual or by an allegation put in by the party, or by a citation on file, or by proof of witnesses. The cases on the subject were all looked into in
 
 Redmond
 
 v.
 
 Collins,
 
 4 Dev. 430, and the rule stated as it now is. Those cases had been,, to a considerable extent, recognised here in the cases of
 
 Dickerson
 
 v.
 
 Stewart,
 
 1 Mur. 59,
 
 Mass
 
 v.
 
 Vincent,
 
 1 Law Rep. 414, and
 
 Jeffreys
 
 v.
 
 Alston,
 
 Id. 634; in which it was held that the application for reprobate, by one not a party to the probate, must be supported by an affidavit of merits, as there was a discretion in ordering a- second probate, and» therefore, the Court must look to all the circumstances.
 
 *113
 
 It ought therefore to appear in an allegation of this kind, that the person was not cognisant of the probate complained of, or, at all events, some other satisfactory cause must be assigned for not having intervened. Without such a statement it must be assumed, that the party was privy to the propounding of and probate of the wilh This says, indeed, that she was much overwhelmed with sorrow at the time, and took no concern in the probate and provisions of the will. But the probate was about a month after the husband’s death, and, without evidence to the contrary, it must be supposed that in the course of that period she became capable of giving such attention, to the rights and duties arising out of her condition, as a widow and a mother, at least,' as to seek proper advice' respecting them. It appears in fact in the executor’s allegation and proofs, that she not only had knowledge of the contents and probate of the will, but was active both in procuring its execution and probate. If this, then, were the application of one, as next of kin, instead of being that of the widow, it would not be sufficient to disturb a probate obtained, thus, at the party’s instance.
 

 But the principle would seem, in our law,, to operate more strongly against the widow than the next of kin. For the right to interfere in a question of probate belongs to a party in interest;. which must mean some person, whose rights will be affected by the probate of the instrument, to- the prejudice of the party. But the statute allows a widow to dissent from her husband’s will, and, if she signify it within six months after- the probate, remits her to her dower and distributive share. Hence it would appear, that, in a legal sense, she can have-no interest in contesting the probate ; for it is at her own election to abide by or refuse the provision for her. Therefore, widows never become parties to issues of
 
 devisavit vel non
 
 in opposition to the will — having no interest in the dispute. This is the first instance, that is known, in
 
 *114
 
 which a widow has in any way attempted to interfere with a probate. By dissenting she gets clear of the will at once, whether it be good or bad. By not doing so she elects to take under it, and, it would seem, ought to be concluded from asserting any right in opposition to it.
 

 But, whether these suppositions be correct or not, the Court holds it clear, that in the case made in this allegation the widow has no right to disturb the probate. There is no statement in it, which in the least impeaches this instrument as not being in fact and law the will of the party deceased. No reason whatever is assigned, why it should not be admitted to probate, either in respect
 
 to
 
 the
 
 factum
 
 or capacity of the party. Indeed, it is admitted by the counsel, that the will is good, and the party would not oppose another probate, but allow it to pass of course. Then, to what purpose shall the probate be revoked ? It is avowed, that it is for the single one of enabling the party to enter her dissent. It could not be yielded without further examination, that the widow is not concluded by her not dissenting in due time from the first pi’obate, and that her time might be enlarged to six months from the reprobate. But, supposing it could, the probate ought not to be called in for such a purpose merely. A proceeding of this kind is sustained upon the principle, that injustice has been done to those who would be entitled to the estate, if there were no will, by improperly admitting to proof a paper as a will, which in truth was not the will of the deceased. The sole foundation for recalling a probate is, that by allowing it to stand, it would be a prejudice to persons, who would succeed to the property if there were no will and who can show that this is no will, if allowed the opportunity. That is the only consideration, which ought to induce a Court of Probate to annul its previous acts ; for the probate in common form is not void, but is valid unless impeached ; and it ought not to be impeached by any one, who cannot al
 
 *115
 
 lege, that in point of fact or law it was wrong. Therefore a widow, at all events, cannot have one probate of her husband’s will recalled merely to let another pass— as it must do upon the ease made by her; For, in such a case, the judgment does not arise from the first probate of a good will, but from her election to take under it or her laches in not signifying her dissent. To authorise such a proceeding, it ought to be really for the purpose of determining a question between a will and an intestacy, and not for that of merely affording to the widow another election to hold under or against the will.
 

 For these reasons the Court holds, that the decisions in the Courts below were erroneous, and must be reversed; and the original probate must stand. This must be certified to the Superior Court to the end that a
 
 procedendo
 
 may thence be awarded to the County Court to make the proper orders in accordance herewith.
 

 Per Curiam.-Ordered accordingly.