PbaRSOU, J.
 

 The plaintiff’s intestate married in April, 1831; the bill is filed March,
 
 1851;
 
 so that there has been twenty years, wanting one month, since the ward had a right to demand, and it became the duty of the guardian to make a settlement. No explanation is offered for this delay, save that the intestate died some time during tho year 1832, .and her husband, who is the real plaintiff in this case, did, not think proper to become administrator, or procure any one to do so.
 

 Surely the administration of justice would be “ a trifle,” if such an allegation could be passed off as an explanation for a delay of twenty years ! A ward in socage, at common law, might bring his action of account against his guardian; but, as the mode of proceeding was dilatory and expensive, the Court of Equity offered a better remedy. A bill in Equity, by a ward against his guardian, is only a substitute for an action of account. The statute of limitations, 1715,
 
 *20
 
 bars the action oí account after three years, saving the rights of
 
 feme coverts,
 
 persons
 
 non compos,
 
 &c. The act of 1795 provides: “ If any orphan, coming to the age of twenty-one years, does not call on his guardian for a full settlement in three years, the sureties of said guardian shall he discharged ; with á proviso for persons imprisoned, beyond sea, and
 
 non compos.
 
 There is no saving in favor of
 
 feme coverts,
 
 for a very obvious reason : if the statute did not apply to cases where female orphans married, at least one-half of the number of cases, where the Legislature intended to discharge the sureties, would have been unprovided for.
 

 The act of 1826 declares, that all judgments, &c. after ten years, shall he' presumed to be paid and satisfied, and all equities of redemption, and other equitable interests, shall, after ten years, he presumed to he satisfied or abandoned. In this statute there is no saving ; it seems to have been intended emphatically as a statute of repose. It is decided that this act does not extend to express trusts, or to claims for legacies or filial portions; and we do not now feel called on to say whether the case of a ward, who fails to call his guardian to account, is covered by it or not; for we prefer to put this case upon the fact, that a delay of twenty years, wanting one month, together with the facts that, soon after the marriage of the plaintiff’s intestate, her husband and the defendant’s testator had cross actions in regard to the negroes claimed in her behalf, and that the bill does not mention that any other matter or thing was left unsettled ; that, soon after the death of John Mebane, in 1839, the defendant, as his representative, sold the twelve shares of stock, as belonging to • his estate, and that Martha’s part of the stock, (she dying after her sister,) passed by succession to the said John Mebane. The lapse of time, •and the other facts and circumstances, enable the Court tn decide this case without going into some very nice points ;
 
 *21
 

 n. g.
 
 a guardian is bound to account at the age of twenty-■one or marriage — the fact of marriage creates a disability: is that to rebut the presumption of a settlement ? or does it not, in the nature of things, after so long a time, show that •there must have,been some arrangement or adjustment of the matters in controversy ?
 

 "Without reference to a rule of presumption, or to a statute of limitations, we feel satisfied, viewing this as an open ■question of fact, that there has been a settlement or an abandonment of the claim, in regard to the share of the plaintiff’s intestate to the twelve shares of stock. There was no occasion for any entry upon the books of the company. The stock stood in the name of John Mebane, who was the acting executor of John B. Mebane, and the plain-•riff’s intestate, or her husband, could abandon or release this claim under the wiR, without a formal entry upon the books of the company, and no entry was called for until 1842, when the defendant, James Mobano, as the executor ■of John Mebane, .sold the stock to Curtis.
 

 Bill dismissed with -costs.