SAMUEL WHALLEY, administrator, *vs.* GEORGE E. ELDRIDGE, impleaded, etc.

### December 31, 1877.

**Foreclosure of Mortgage—Statute of Limitations—Defendant Absent from the State.**—The exception in section 15, *c.* 66, Gen. St., from the time limited for commencing actions, at the time the defendant is absent from the state, applies to an action to foreclose a mortgage upon real estate.

This was an action to foreclose a mortgage, begun in the district court for Ramsey county in February, 1877.

The complaint alleged that the mortgage was executed April 30, 1859, by T. R. B. Eldridge and Calvin J. Burnell, and was given to secure the payment of three promissory notes; that the last of said notes came due May 3, 1862, and that the greater portion of said notes was still unpaid; that on May 24, 1860, the said T. R. B. Eldridge conveyed all his interest in the mortgaged premises to the said Burnell; that on April 18, 1861, Burnell conveyed the same premises to Catherine A. Eldridge, wife of the said T. R. B. Eldridge, and that on February 7, 1877, the said Catherine conveyed the said premises to the defendant, George C. Eldridge. Also, that on or about June 15, 1862, the said T. R. B. Eldridge, Calvin J. Burnell and Catherine A. Eldridge departed from, and have ever since resided out of, this state, and that the said George C. Eldridge has never resided or been within the state.

The defendant demurred, upon the grounds that the complaint did not state a cause of action, and that the action was not brought within the time provided therefor by law, and

was barred by the statute of limitations. The demurrer was overruled, *Wilkin,* J., presiding, and defendant appealed.

*I. V. D. Heard,* for appellant, cited *Anderson* v. *Baxter,* 4 Oregon, 105, and *Embanks* v. *Leveridge,* (U. S. C. C. of Oregon,) 9 Chicago Leg. News, 394, and urged that this was an action *in rem,* and therefore not within the exception created by Gen. St. *c.* 66, § 15. He also adverted to the fact that in the statute relative to foreclosure by advertisement no exception was made to the statutory limitation of ten years, and deduced the inference therefrom that section 15 was not intended to apply to a foreclosure by action.

*John B. & W. H. Sanborn,* for respondent.

The exception to the statute of limitations involved in this case applies to all civil actions. Gen. St. *c.* 66, § 15. It is also provided by statute that the foreclosure of a mortgage shall be governed by the same rules as any other civil action. Gen. St. *c.* 81, § 24. It would therefore seem to follow, that even if this foreclosure was an action *in rem,* the statutory exception (§ 15) must necessarily apply, because the general words of a statute must receive a general construction, and unless there can be found in the statute itself some ground for restraining, it cannot be restrained by arbitrary addition or retrenchment. Ang. on Lim. 196, § 194.

An action to foreclose a mortgage, however, is never a proceeding *in rem,* because the decree of foreclosure never binds any one who has not been made a party, or who has not subsequently succeeded to the rights of one who was a party, (Big. on Estop. 10–12; *Woodruff* v. *Taylor,* 20 Vt. 65, 73; *Duchess of Kingston's Case,* 2 Sm. Lead. Cas. (Ed. of 1866,) 831; *Wood* v. *Myrick,* 16 Minn. 499, 502; *Moore* v. *Starks,* 1 Ohio St. 369, 373; *Caufman* v. *Sayre,* 2 B. Mon. 202,) because the action to foreclose is only cognizable in a court of equity, where the proceedings are always *in personam,* (1 Story Eq. Jur. § 744; *Massie* v. *Watts,* 6 Cr. 148, 159; *Toller* v. *Carteret,* 2 Ver. 494; *Mead* v. *Merritt,* 2 Paige Ch. 402; *Sutphen* v. *Fowler,* 9 Paige Ch. 280; *Shattuck* v. *Cassidy,* 3 Edw. Ch. 152;) and,

finally, because the defendant must be served with process, and the court must obtain jurisdiction of his person before the decree of foreclosure can be made.

In effect, the action to foreclose is an action to collect the debt mentioned in the bond, as much as an action at law upon the bond itself. *Peabody* v. *Roberts*, 47 Barb. 91, 96–98. The action, however, in this case, to recover the debt due upon the notes, is not barred because of the exception in the statute, (§ 15;) and the fact that the debtors have not been in the state since 1862. It would therefore seem to necessarily follow that for similar reasons the action to foreclose is not barred.

The argument that the mortgagee had a remedy by publication is one that would take every civil action out of the statutory exception, (§ 15,) when the debtor had attachable property within the state. Moreover, the statutes have provided two methods of bringing the mortgagor into court, and the mortgagee is consequently entitled to his election. Again, if the mortgagee was compelled to rely solely upon publication, his remedy would be dependent upon the newspapers, which could refuse to publish. It is clear, therefore, that this case comes within the reason, even if not within the letter, of the statute. *Sacia* v *De Graff*, 1 Cow. 356; *Fisher* v. *Fisher*, 43 Miss. 212; *Hancock* v. *Heugh*, 1 Mo. 484.

There is also no doubt that the action on the notes is not barred, and for the same reason the action on the mortgage is not barred, because it is a general principle of law that the same disabilities which prevent the operation of the statute of limitations in other cases, will also obviate the effect of a lapse of time upon the rights of mortgagor and mortgagee. 2 Hil. on Mort. (3d. Ed.) 20, § 17; *Clinton Co.* v. *Cox*, 37 Iowa, 570; *Wood* v. *Goodfellow*, 43 Cal. 185, 189; *Seymour* v. *Street*, 5 Neb. 85; 5 Cent. Law Jour. 248; *Parsons* v. *Noggle*, 23 Minn. 328.

As regards the authorities cited by appellant it is only to be said that *Embanks* v. *Leveridge*, decided by the United States

Circuit Court, simply followed *Anderson* v. *Baxter*, (4 Oregon, 105,) upon the principle that the latter decision was a construction of a statute of the state by a court of the state; and again, that under the statutes of that state the distinctions between actions at law and suits in equity are preserved; that there are no provisions limiting the time in which suits in equity shall be brought, or fixing the exceptions which shall take such suits out of the limitation which courts of equity impose by analogy to the limitation fixed for similar actions at law; and, finally, that there is no statutory provision that suits or actions for the foreclosure of mortgages shall be governed by the same rules and provisions as civil actions.

GILFILLAN, C. J.   By Gen. St. *c.* 66, § 11, title 2, every action to foreclose a mortgage must be commenced within twenty years after the cause of action occurs.   Laws of 1870, *c.* 60, amended this section, reducing the time to ten years. Section 15 of *c.* 66 contains the general provision that "if, when a cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited, after his return to the state," etc.

The appellant claims that this refers only to a personal action or action *in personam,* and has no application to an action *in rem;* and that, as an action to foreclose a mortgage is an action *in rem,* or against specific property, the exception to the running of the time limited by statute does not apply. But an action to foreclose is not an action *in rem.*   It is true the action has specific property for its subject or object.   So has the action of ejectment, replevin, to enforce a mechanic's lien, or for specific performance of a contract to convey.   But this does not make them actions *in rem.*

Such actions belong chiefly to maritime and revenue jurisdictions, and when the court has acquired jurisdiction of the thing its judgment in respect to it is binding upon all the world.   This is not the case in an action to foreclose; for in such action the judgment binds only those who are parties, and affects the property only to the extent of their interest in

it. The action must be brought against a person as defendant upon a cause of action with respect to the property which exists as to such person, and the court must get jurisdiction of such person before it can render a judgment which will affect him. The necessity of making all persons bound by the lien of the mortgage parties, in order to secure to the plaintiff all the relief with respect to the property which he is entitled to, brings the action to foreclose within the reason of section 15.

Order affirmed.