BOYD EMORY

*v.*

DAVID KEIGHAN *et al.*

| 94 | 543 |
| 24a | 300 |
| 94 | 543 |
| 160 | 242 |
| 94 | 543 |
| 156 | 337 |
| 46a | 114 |
| 94 | 543 |
| 56a | 345 |
| 94 | 543 |
| 65a | 193 |
| 94 | 543 |
| 167 | 194 |
| 68a | 76 |

1. MORTGAGE—*depends upon the debt it secures.* The existence of the debt is essential to the life of the mortgage given to secure it, and when the debt has been paid, discharged, released, barred by the Statute of *Limitations,* or a judgment or decree is rendered in favor of the mortgagor in a proceeding to recover the debt, the mortgage is gone and has no longer any legal effect.

2. SAME—*sale under, good if debt is not barred.* Where a sale of land was made under a power in a mortgage more than sixteen years after the debt became due, so that the debt was barred as to all the other makers of the note, but not as to the mortgagor, owing to his absence from the State, it was *held,* that as the note was at the time of the sale legally enforcible against the mortgagor, the sale was valid and passed title to the purchaser.

3. LIMITATION—*a personal defence.* A plea of the bar of the Statute of Limitations is personal to the debtor, and can not be interposed by a stranger. But such a defence may be set up by an executor, administrator or heir when sued on the contract of the intestate or ancestor, or by a co-maker as surety on a contract.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. CHARLES H. WOOD, and Mr. CALVIN H. FREW, for the appellant:

There was no statute, or exception in any statute, within which the appellees have brought themselves, which can take their mortgage out of the Statute of Limitations.

The limitation law in force at the time a cause of action accrues governs the time within which an action will lie. *Beesley* v. *Spencer,* 25 Ill. 216.

Such a statute will not be applied to cases not clearly within its provisions. *Hazell* v. *Shelby,* 11 Ill. 9.

When the statute begins to run it will continue to run until it operates as a complete bar unless there is some saving or qualification in the statute itself. *The People* v. *White,* 11 Ill. 350.

A subsequent conveyance of the land will not arrest its operation. *Shortall* v. *Hinckley*, 31 Ill. 219.

A saving or exception restrictive of its operation, not found in the statute, will not be implied. *Howell* v. *Hair*, 15 Ala. 194.

A person claiming the benefit of an exception in the statute must show that he comes within it. *Desannier* v. *Murphy*, 33 Mo. 184; *Vail* v. *Holten*, 14 Ind. 344.

Though the court may think the legislature would have excepted a case out of the statute, if it had been foreseen, the court can not except it. 2 Curtis' C. C. R. 480; *Lawrence* v. *Bridleman*, 3 Yerg. 496.

The note which the mortgage of appellees was given to secure was executed in this State by Harrison Tyner, George W. Tyner and David L. Tyner, and the absence of one of the makers from the State did not stop the running of the statute upon the note, and when the note was barred the mortgage was also. *Perry* v. *Jackson*, 4 Durnf. & East, 275, (516); *Bruce* v. *Flagg*, 1 Dutch. 219; *Shropshire* v. *Shropshire*, 7 Yerg. 165; *Brown* v. *Delafield*, 1 Denio, 445; *Denny* v. *Smith*, 18 N. Y. 567.

Mr. J. W. COCHRAN, and Mr. A. SAMPLE, for the appellees:

Cases within the reason, but not within the words of a statute of limitations, are not barred, but may be considered omitted cases. *Bedell* v. *Janney*, 4 Gilm. 193; *Dunlap* v. *Buckingham*, 16 Ill. 109.

As long as an action could be maintained upon the note at law the mortgage may be enforced. *Emory* v. *Keighan et al.* 88 Ill. 485; *Pollock et al.* v. *Maison et al.* 41 id. 517.

The proof shows that the principal in the note was out of this State, while the statute was running, for over two years. This absence shall not be taken as part of the time limited.

The case of *Brown* v. *Delafield*, 1 Denio, 445, has been overruled in *Denny* v. *Smith*, 18 N. Y. 567, and see *Caswell* v. *Engelman*, 31 Wis. 93.

The principal maker of the note being out of the State, even though his residence may have been in this State, stops the running of the statute against the note. *Chenot* v. *LeFevre,* 3 Gilm. 637; *Vallandingham* v. *Houston,* 4 id. 125.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This case was previously before use, and is reported in 88 Ill. 482. It was there held that the existence of the debt was essential to the life of the mortgage given to secure it; that when the debt was paid, discharged, released, barred by the Statute of Limitations, or a judgment or decree in favor of the mortgagor in a proceeding to recover the debt, the mortgage is gone and no longer has any effect.

It was also said that the plaintiff's proof made a good *prima facie* case for him. The Statute of Limitations was relied on, and there was an apparent bar of the debt before the sale was made under the mortgage which was made to secure the debt, and on the *prima facie* bar of the statute the title derived from the sale under the mortgage was held to present no defence.

Plaintiff below presented and read in evidence, on the trial in the court below, the same title he did on the former trial, and the defendant the same title papers that he relied on in the former trial. All of this evidence will be found in the case as it is reported in vol. 88 of Illinois Reports, and it is unnecessary to set it out here. In addition to the evidence there given, defendant below introduced testimony to prove Harrison Tyner was absent from the State a time sufficient to prevent the statute from barring the note, at the time the sale was made under the mortgage, when appellee became the purchaser. The jury so found.

It is now urged, first, that the evidence fails to show that Harrison Tyner was absent a sufficient length of time after the maturity of the note to prevent a bar; and the note being barred when the sale was made, that the sale was unauthorized

and void, and hence the title thus acquired constitutes no defence to the action. On a careful examination of the evidence, we are of opinion that it warranted the jury in finding that, deducting the time Harrison Tyner was out of the State, sixteen years had not run against the note as to him, when the sale and conveyance were made under the power contained in the mortgage.

The note was joint and several, and the payee could without doubt have sued either or all of the makers, at any time after its maturity, until it should be barred by the statute. He was not bound to sue, but could have done so had he desired. Nor did the fact that the statute became a bar to a suit against the other makers release or discharge Harrison Tyner from liability. Had they become bankrupt and been discharged, or had any other defence occurred personal to them alone, Tyner could not have pleaded it as a bar to a recovery against him. Nor is any reason perceived why he can avail of the defence of the Statute of Limitations as to them, as it is purely personal to them. He can only rely on defences personal to himself, unless it be defences common to all the makers, such as payment, release or discharge of the debt.

It is urged that the statute only permits the deduction of the time a debtor is absent from the State, in actions brought for a recovery of the note, and as no action was brought, the deduction of the time could not be made to uphold the sale under the mortgage. We are unable to perceive the force of the argument. The power of sale inserted in the mortgage was for the purpose of subjecting the mortgaged property to the payment of the debt so long as it remained in force. Its legal effect was to authorize a sale after the debt matured, so long as it remained in existence and binding on the mortgagor. The mortgage was a mere incident of the debt, and inhered to it as long as the debt remained in force against the mortgagor, as nothing was done to release or separate it from the debt. The statute not having barred the debt as to Tyner, the mortgagee, as the holder of the note, could have sued on

it; he could have foreclosed by bill in equity, by *scire facias*, or brought ejectment, up to the time of the sale, and, as the parties had agreed that the mortgagor's equity of redemption might be foreclosed by a sale such as was made, we are unable to perceive why such a foreclosure might not be had as effectually as by either of the other modes.

If the statute has any effect to bar a foreclosure of a mortgage or a sale under a power therein, it must be applied in all of its parts and provisions precisely as in suits or actions to foreclose. Had a bill been filed to foreclose instead of the proceeding to sell, and the Statute of Limitations had been relied on, does any one suppose, in answer to the defence, the complainant would have been precluded from proving the absence of the mortgagor to prevent a bar? If he could not have been precluded, then why may he not show the same facts when he has foreclosed by sale under the power?

If this mortgage and its foreclosure were not subject to the qualification, that the time the mortgagor was absent from the State would prevent the bar, as such a proceeding is not named in the statute, we are wholly unable to see why the statute may be relied on to bar the debt. If any of its provisions can be invoked, then all must apply, as they would in an action.

But the question turns on the power to sell. The mortgage was given to secure the debt, and the power to sell was conferred to render the security effective. It was adopted as a speedy and an inexpensive means of foreclosing the mortgage and realizing the benefit of the security. The power authorized a sale if there should be a default in payment of the debt, and it is manifest that the power attached to the debt, and continued and remained as long as the debt continued in force and unsatisfied. If, however, the debt had been paid, satisfied, barred by the statute, or otherwise extinguished, then the power would have come to an end, and no legal or valid sale could have been made. The extinction of the debt would have destroyed the power to sell, as such power is entirely dependent on the continuance of the legal

validity of the debt. But here the debt was still in full force, unsatisfied, and not barred by the statute, and hence the power had not been abrogated nor had it ended.

It then follows, that as the power still continued, because the debt was still in force against the mortgagor, the sale was authorized and was sufficient to pass the title. The debt remaining in force, the power continued, and was well exercised. The power being an incident to and dependent on the debt, hence, as the debt existed, the power continued.

We perceive no error in the instructions or in the record, and the judgment of the court below is affirmed.

*Judgment affirmed.*