In re Will of JAMES BEAUCHAMP.

(Filed 4 December, 1907).

1. Wills—Probate—Solemn Form—Unreasonable Delay.

The probate of a will in common form is valid until set aside, and the right to require probate in solemn form may be forfeited, either by acquiescence or unreasonable delay, now seven years, under chapter 862, Laws of 1907.

2. Same.

An action to probate a will in solemn form will be dismissed when the petitioner had knowledge of the probate of the will in common form and the qualification of the executors for forty years, of their removal from the State many years thereafter, of the appointment of an administrator *c. t. a.*, and of his proceedings for final account and settlement, to which she was a party.

3. Same—Limitation of Actions—Construction.

While chapter 862, Laws of 1907, fixes seven years after probate of a will in common form as a limitation, and permits seven years after its ratification as to wills theretofore proven, it will not apply to revive a cause of action theretofore barred.

**4. Same—Limitation of Actions, Repeal of.**

Chapter 78, Laws of 1898, repealing, as to married women, sections 148 and 163 of The Code (1883) and suspending the running of the statute of limitations, has no application to a *caveat* to a will 'theretofore barred and for which there was no such statute prior to 1907.

**5. Same—Feme Covert—Legal Excuse.**

The fact that the petitioner to probate a will in solemn form is now, and has at all times been a *feme covert* since the probate in common form, is no legal excuse for her unreasonable delay.

CIVIL ACTION, heard before *Ward, J.,* at Spring Term, 1906, of the Superior Court of DAVIE County.

James Beauchamp died in Davie County, on or about 10 August, 1863, and a paper-writing purporting to be the will of said Beauchamp was admitted to probate in common form by the County Court of Davie, in September, 1863.

On 17 November, 1903, Sarah J. Sparks, one of the heirs of said Beauchamp, joined by her husband, filed her *caveat* and petition before the Clerk of the Superior Court of Davie County, asking for probate of the paper-writing in solemn form. The cause was transferred to the civil-issue docket and came on for trial at Spring Term, 1906.

Upon the face of the petition, and the record of the will and probate thereof referred to in 'the petition, his Honor, *Judge Ward,* dismissed the petition of the *caveator,* who excepted and appealed.

*A. H. Eller* and *E. E. Raper* for *caveators.*
*E. L. Gaither* and *T. B. Bailey* for respondents.

CLARK, C. J.   This is a *caveat* to the will of James Beauchamp, who died 10 August, 1863, filed by his daughter, 17 November, 1903, asking for probate in solemn form. She was a married woman at the time the will was probated, in September, 1863, and is still. The respondents are her younger brother and sister, who were infants of tender years in September, 1863.

*In re* BEAUCHAMP.

The probate of the will in common form in 1863 is valid till set aside. *Armstrong v. Baker,* 31 N. C., 114; Revisal, sec. 3128. While the next of kin and heirs at law have the right to require probate in solemn form, this right may be forfeited, either by acquiescence or unreasonable delay after notice of the probate. *Etheridge v. Corprew,* 48 N. C., 18. In that case *Pearson, J.,* says (p. 21) that the court, in passing upon the preliminary question whether or not the right to *caveat* has been forfeited by unreasonable delay, "cannot be expected" to try "allegations as to the execution of the will and the capacity of the testator." Those matters are for consideration only after the probate in solemn form is allowed. On this preliminary question, the Court will only consider whether the lapse of time, under the attendant circumstances, was an unreasonable delay. *Armstrong v. Baker,* 31 N. C., 109, 112.

Here the petitioner had knowledge of the probate of the will and qualification of the executors more than forty years ago, of their removal from the State many years thereafter, in 1878, of the appointment of an administrator *c. t. a.,* and of his proceeding for final account and settlement, to which she was a party. The court properly dismissed the action. *Randolph v. Hughes,* 89 N. C., 428; *Osborne v. Leak, ib.,* 437.

It is true the petitioner has all the time been a *feme covert,* but she could have brought suit without joining her husband, if he were opposed (and there is no reasonable ground to apprehend he would be). Revisal, sec. 408 (1). It is true, also, that, till chapter 862, Laws of 1907, there was no statute of limitations as to the time in which a *caveat* must be filed. But it was well-settled law (see cases *supra*) that the right would be forfeited by unreasonable delay. The above act of 1907 now fixes seven years after probate in common form as a limitation, and permits seven years after ratification of the act as to wills theretofore proven. But this last must be

taken to apply to cases where a *caveat* was not already barred by the lapse of unreasonable time, for it has been held that, while the Legislature can suspend the running of the statute of limitations or extend the time, it will not be taken to apply to revive a cause of action already barred. *Whitehurst v. Dey,* 90 N. C., 542; *Terry v. Anderson,* 95 U. S., 628. We do not think the act of 1907 can be reasonably construed as intending to revive a right to file a *caveat* which had been lost by forty years' acquiescence. Indeed, the act shows a contrary intent by restricting to seven years absolute bar that which formerly was unlimited, save by the court's conception of what would be unreasonable delay under all the circumstances of the particular case.

The petitioner also insists that chapter 78, Laws of 1899, repealing, as to married women, the sections (The Code of 1883, secs. 148, 163) suspending the running of the statute of limitations, was made prospective only, and that time up to its passage is not to be counted against married women. But that statute has no application, for the very sufficient reason that there was no statute of limitations as to the *caveat* of a will, and its repeal could not apply. Said sections 148 and 163 provided that, as to actions therein named.(which do not include filing a *caveat*), the following persons would not be barred by the time prescribed: (1) infants, (2) insane, (3) convicts, (4) married women. Governor Fowle, in his message to the Legislature of 1889, recommended that married women be taken out of that company. This was done by the act of 1899, which was introduced and urged by *Judge W. B. Councill,* then a member of the General Assembly. But it will be seen at once that this act can have no bearing at all upon a case like this, to which there was then no statute of limitations applicable.

Affirmed.