### In re WILL OF JOHN DUPREE.

(Filed 15 October, 1913.)

1. Wills — Caveat—Unreasonable Delay—Acquiescence—Forfeiture of Right—Presumptions—Limitation of Actions.

While there is no statute of limitation in North Carolina affecting the rights of parties claiming under a will to have it probated, or such statute relative to the caveat prior to 1907 (Revisal, sec. 3135), where a seven-year period was established to enter caveat, upon application for probate made, it has been for a long time recognized here that a right to caveat a will regularly proven in common form may be lost by lapse of time, certainly where the adverse party has, with knowledge, so long acquiesced that it would be unreasonable and unjust for him to question its validity.

2. Wills—Caveat—Unreasonable Delay—Forfeiture of Right—Trials —Questions of Law.

While at common law there was no definiteness or uniformity in the adoption of a period of time wherein the right would be presumed to have been forfeited either by acquiescence or unreasonable delay, the period of twenty years was that more generally prevalent, and though this presumption may be rebutted by proper and sufficient evidence, when the facts are admitted,

or had been properly established, it becomes a question for the court to determine whether on such facts the presumption pre- vails.

3. **Same.**

The devisee, and those who claim under him, having been in possession of the lands devised for twenty-three years, exercising absolute ownership, with the knowledge of the adversary party seeking to caveat the will, and who had for that period of time lived only a short distance from the property: it is *Held*, as a matter of law, that the right to caveat the will had, under the circumstances, been forfeited.

4. **Same—Attempted Caveats—Bonds—Interpretation of Statutes— Citations.**

Where parties seeking to caveat a will have forfeited their right to do so by unreasonable delay and acquiescence, the mere fact that they had applied to the clerk several times when their rights would have been allowed, and the clerk declined and re- fused to entertain the application because the parties failed to give a proper bond as required, Revisal, sec. 3136, does not affect the result, for no caveat is properly constituted until the statutory requirements are met; and if it had been so consti- tuted, the absence of notice issued in reasonable time works a discontinuance.

5. **Wills—Caveat—Forfeiture—Presumptions—Limitation of Actions —Infants—Femes Covert—Absence from State.**

Where the common-law presumption of forfeiture of the right to caveat a will from unreasonable delay or acquiescence pre- vails, the matters of infancy, coverture, and absence from the State are not necesssarily controlling, but they are considered as relevant facts bearing on the question as to whether the pre- sumption will prevail, and more especially is this true in its application to the absence from the State of a party claiming under the will, when he had first remained in possession of the property for more than a year and the cause is one where jurisdiction could be acquired by publication. *Summerlin v. Cowles*, 101 N. C., 473, cited and distinguished, where the courts of equity adopt ten years as a legal bar in analogy to the statu- tory period prevailing in an action at common law.

APPEAL by caveators from *O. H. Allen, J.,* at January Term, 1913, of PITT.

Caveat to will. On the trial it was made to appear that John Dupree died in 1887, having made a last will and testament and

leaving him surviving two children, Robert Dupree and Olivia, a daughter. That in the will the land and chief part of the personal property was devised and bequeathed. to Robert, the son, the daughter receiving a nominal legacy of $5. That in December, 1887, said will, attested by three witnesses, was duly admitted to probate in common form and recorded. That Robert, as owner, went into possession of the land immediately on his father's death, and so remained until 1889 or 1890, when he sold and conveyed the same to Wiley Webb, who then went into possession and remained there until his death in 1908, and since that time his heirs have been in possession of the same. That on 6 March, 1911, caveat to said will was duly entered on behalf of the daughter, Olivia A. Williams, and her husband, J. A. Williams, and bond given, and the heirs at law of Wiley Webb duly cited to appear, etc. That prior to her father's death, the daughter, Olivia, was married to J. W. Williams when she was under age, and she and her husband have continuously resided in the neighborhood from the time of their marriage to the present, and were duly cognizant of the fact that the will had been admitted to probate and that Robert was in possession, claiming to own same as devisee. That within a year from the father's death, for the daughter and her husband, a written protest to the will or caveat was submitted to the clerk, who declined to entertain the same for lack of a bond, and, later, in 1893, on an insufficient bond being offered, the clerk again declined to receive the paper as a caveat or to docket same, and no citation was ever issued for any of the parties interested, and the paper was kept on the clerk's desk as papers "Not perfected nor ready to go on the docket" until they were destroyed by burning of the courthouse in 1910. There was further evidence that some time after selling the land to Webb the son Robert had gone to Florida and lived there since. There was testimony on the part of the caveators tending to show that J. W. Dupree was not competent to make a will, and for the other parties that he was of sound and disposing mind and memory at the time. At the close of the testimony, his Honor being of opinion that on the evidence and from perusal of the pleadings the right of caveators to proceed in the cause was barred by lapse of time,

etc., which was fully and properly pleaded, entered judgment dismissing the proceedings, and the caveators excepted and appealed.

*L. I. Moore and Allsbrook & Phillips for propounders.*
*Harding & Pierce, Harry Skinner for caveators.*

HOKE, J., after stating the case: There is no statute of limitations in this State directly affecting the right of parties claiming under a will to have the same proven, and in so far as it may affect their own interests. *Steadman v. Steadman,* 143 N. C., pp. 346-349. Nor was there any such statute relating to the caveat of a will prior to 1907, when the period of seven years was established from the time of the "application to prove the will and the probate thereof in common form. Revisal, sec. 3135." It has, however, been long recognized here that when a will has been regularly proven in common form, the right to caveat same may be lost by lapse of time, and certainly when after knowledge of such will and its probate the adverse parties have acquiesced for such a length of time as would make it unreasonable and unjust to make further question of its validity. *In re Will Beauchamp,* 146 N. C., 254; *Etheridge v. Corprew's Executors,* 48 N. C., 14; *Gray v. Maer,* 20 N. C., 47.

In *Beauchamp's case* it is said: "The right may be forfeited either by acquiescence or unreasonable delay." The time required at common law for the operation of the principle was not established with exact definiteness, nor was it always uniformly applied, but unless shortened by statute, as in Revised Code of 1856, ch. 65, secs. 18 and 19, reducing the presumptions to ten years in certain instances, the period of twenty years was that more generally prevalent. Undoubtedly this is true as to this jurisdiction (*Worth v. Wrenn,* 144 N. C., pp. 656-660; *Cox v. Brower,* 114 N. C., 422; *Headen v. Womack,* 88 N. C., 468), though a shorter time has been allowed to prevail here, as in *Hamlin v. Mebane,* 54 N. C., 18, where the principle does apply. Unless otherwise expressly regulated, it is independent of the statute of limitations, and while it raises only a presumption in bar of the right claimed, rebuttable by proper and sufficient evidence, when the facts are all admitted, it becomes a ques-

tion for the court to determine whether on such facts the position shall prevail. *Cox v. Brewer, supra; Headen v. Womack, supra; Williams v. Mitchell,* 112 N. C., 293. As said by *Ruffin, J.,* in *Headen's case,* "Like the presumption of payment arising upon a bond under the act of 1826, that of the abandonment of a claim may become, and does become, when the facts of the case are admitted, a conclusion of law from facts to be applied by the court, and not left to the discretion of the jury." This being the correct position, we are of opinion that his Honor clearly made the proper ruling in dismissing the proceedings.

From the facts admitted in the pleadings and evidence, it appears that this will, properly drawn and attested, was duly proven and recorded in Pitt County in 1887, and that the devisee occupied as owner under the will until 1889 or 1890, when he sold to Wiley Webb, and he and his heirs have since been in possession and control of the property as owners, the same being under a deed from the devisee. That during all of this time the caveators, J. W. Williams and wife, have resided within short distance of the property, were fully cognizant of the existence of the will and its terms and of the possession of the property by the purchasers and the nature of their claims, and this delay and long acquiescence has been properly held to bar all right on their part to make further question of the validity of the will.

Our conclusion is not affected by the facts in reference to the attempted caveat in 1887, nor its renewal in 1893. This application was never entertained by the clerk, for lack of a proper bond, which he had the right to require. Revisal, 3136; Code 1883, sec. 2159. The cause was never docketed, nor was any notice or citation even ever issued. No caveat, therefore, has ever been made nor constituted till this of 1911, and if there had been, in the absence of notice issued in reasonable time, it should be held for a discontinuance by analogy to failure to issue an alias summons to term held at stated periods. *Etheridge v. Woodly,* 83 N. C., 12. Nor should the marriage of the daughter under 21 and continuous coverture since be allowed to prevent, in this instance, the effect of the presumption, for when applied in strictness as a common-law principle, neither

the infancy nor marriage of the parties is allowed to interfere as a matter of positive right, but is only a relevant circumstance on the question whether the presumption shall prevail. *Houck v. Adams,* 98 N. C., 519.

True, this position was qualified to some extent in *Summerlin v. Cowles,* 101 N. C., 473; but this qualification only extended to cases where courts of equity adopted ten years as a legal bar, in analogy to the statutory period prevailing in action at law, and the court held that when so adopted as a statute of limitation the disabilities provided for in the statute should also be recognized. And the same answer may be made to the position that the devisee, Robert Dupree, left the State a year or two after the death of his father, and has since resided in Florida. This absence of a party and the effect claimed for it exists by reason of the statutory provision affecting the statute of limitations proper (Revisal, sec. 366), and is not necessarily controlling as to the common-law presumption. In such case this absence, as in the case of infancy and coverture, is only a relevant fact bearing on the question presented; and more especially is this true, when the party remained in the State and in possession of the property for more than a year and the cause is one where jurisdiction could be acquired by publication.

In the two North Carolina cases of *Gray v. Maer,* 20 N. C., 47, and *Etheridge v. Corprew Executors,* 48 N. C., 14, the application of the principle was denied; but in the first case the time was not over ten years, and it appeared in explanation of the delay that the parties were "numerous and much dispersed and several of them were infants and married women"; and in the second, the time was something over ten years, and it was shown that the petitioners were "numerous and all the time had been under the disabilities of coverture, absence beyond seas, residence in another State, and lunacy"; and, further, "that they had no notice of the death of the testator or of the *will* or its probate." In both of these decisions, however, the principle was recognized as existent here, and neither in any way conflicts with the disposition made of the present case, where, as noted, a will properly witnessed and duly proved and recorded has remained on the record unquestioned for more than

twenty-three years, with full rights enjoyed under it by devisee and the person to whom he had conveyed it, and the adverse claimants during all this time have resided in the immediate neighborhood and were fully cognizant of all the facts concerning it.

In *Cox v. Brewer, supra,* Burwell, J., delivering the opinion, quotes from a Pennsylvania decision as follows: "The rule of presumption, when traced to its foundation, is a rule of convenience and policy, the result of a necessary regard to the peace and security of society. No person ought to be permitted to lie by whilst transactions can be fairly investigated and justly determined until time has involved them in uncertainty and obscurity, and then ask for an inquiry. Justice cannot be satisfactorily done when parties and witnesses are dead, vouchers lost or thrown away, and a new generation has appeared on the stage of life, unacquainted with the affairs of a past age, and often regardless of them. Papers which our predecessors have carefully preserved are often thrown aside or scattered as useless by their successors. It has been truly said that if families were compelled to preserve them they would accumulate to a burdensome extent. Hence statutes of limitations have been enacted in all civilized communities, and in cases not within them prescription or presumption is called in as an indispensable auxiliary to the administration of justice."

After giving the case our full consideration, we hold there was no error in dismissing proceedings, and the judgment of the court below is affirmed.

No error.