D. C. LOVE, ADMINISTRATOR, v. ELIZABETH P. WEST ET AL.

(Filed 22 April, 1915.)

**Limitation of Actions — Mortgages — Actions to Foreclose — Absence from State—Interpretation of Statutes.**

> Revisal, sec. 366, is general in its terms and excludes from the computation of the statutory period which will bar a right of action the absence from the State for a year or more of the party pleading the statute of limitation, without exception of instances where proceedings *in rem* will lie against property situated here; and where the ten-year statute, Revisal, sec. 391, subsec. 3, relating to the foreclosure of a mortgage on land, is pleaded, the absence of the mortgagor from the State for the length of time prescribed in the first named section, or longer, will not be counted, nor will any presumption of payment of the debt be raised within the period allowed for the commencement of the action.

HOKE, J., concurs in result.

APPEAL by plaintiff from *Allen, J.,* at September Term, 1914, of NEW HANOVER.

Civil action heard upon a report of referee. His Honor confirmed the report, and the plaintiff appealed.

*John D. Bellamy & Son for plaintiff.*
*Herbert McClammy, Bellamy & Bellamy for defendant.*

BROWN, J. This action is brought to foreclose a mortgage, executed by Samuel J. West to George Harris in 1877, securing a note payable two years after date. The property described in the mortgage is the one-fifth interest which the mortgagor owned in the mortgaged premises. The defendants pleaded the statute of limitations. The referee and the judge below held that the action was barred.

It is admitted that the mortgagor left the State of North Carolina in 1879 and since then has resided continuously outside of this State. In 1902 the mortgagor conveyed his interest in the property to the defendants Elizabeth P. West and Mariana West. This action was instituted 1 April, 1903, for the purpose of foreclosing the mortgage upon the said one-fifth interest. The said Elizabeth P. and Mariana are parties defendant.

Under section 391, subsection 3, of the Revisal an action for the foreclosure of a mortgage is generally barred in ten years, unless it has been kept alive by payments or renewed promises to pay. But there is a general exception which applies to this cause of action, as well as others.

Section 366, Revisal, reads as follows: "If when the cause of action accrue . . . against any person he shall be out of the State, action may be commenced . . . within the times herein respectively limited

after the return of such person into this State; and if after such cause of action shall have accrued . . . such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be taken as any part of the time limit for the commencement of such action or the enforcement of such judgment."

It is contended by the defendants that the proceeding to foreclose a mortgage is an action *in rem,* which could have been commenced at any time, without personal service upon the mortgagor, and that for this reason this particular cause of action does not come within the provisions of section 366.

It is unnecessary to discuss the character of this action, whether *in personam* or *in rem,* as the statute contains no exception. Some of the States have enacted statutes similar to ours, but have provided therein that they shall not apply to proceedings which may act directly upon the property situate within the State, as proceedings *in rem* do; but there is no such exception in our statute.

A number of States have statutes similar to ours, and in all of them, that we have examined, it has been held that an action to foreclose a mortgage comes within the purview of the statute, unless there is an exception, and that the absence of the mortgagor from the State suspends the running of the statute. *Fallwell v. Henning,* 78 Tex., 278; also case, 88 Tex., 368; also case, 89 Tex., 214; *Wood v. Goodfellow,* 43 Cal., 185; *Wall v. Wright,* 66 Cal., 202; *Emory v. Keigham,* 94 Ill., 543; *Robertson v. Stubemiller,* 93 Iowa, 326; *Chicago R. R. v. Cook,* 43 Kan., 83; *Wholly v. Eldridge,* 24 Minn., 358.

We have held that if a debtor is out of the State at the time the cause of action accrues, the statute of limitation does not begin to run until he returns to this State for the purpose of making it his residence. *Armfield v. Moore,* 44 N. C., 157. In that case it is said: "It is not the policy of this State to drive its citizens, directly or indirectly, to seek their legal remedies abroad, or to encourage nonresidents to keep out of it and beyond the jurisdiction of its courts, as would be the case if by keeping out of the State the debtor or person against whom a cause of action exists could avail himself of the lapse of time during his absence." The point presented by this appeal has been practically decided in this Court by *Grist v. Williams,* 111 N. C., 54.

This was an action *in rem* in which the plaintiff was proceeding by attachment against property located within this State, the defendant being a resident of the State of Virginia. In that case it is held that the fact that a nonresident debtor has property within the State will not affect the statutes suspending the operation of the statute of limitations for the period during which the person against whom the judgment is made is out of the State.

It has been suggested that a presumption of payment has arisen against the bond and mortgage sought to be foreclosed. It has been said that for the sake of repose, and to discourage stale claims, the law, after the lapse of twenty years, raises a presumption of payment or rather of an abandonment of the cause of action. That was held, as to a legacy, in *Cox v. Brower,* 114 N. C., 423, and the learned judge writing the opinion seems to think the presumption would apply to bonds and mortgages.

In respect to bonds under seal, the common-law doctrine of a presumption of payment which was rebuttable has been superseded by a statute of limitations, and where the statutory period has expired there is no rebuttable presumption of payment.

The debt is completely barred unless the party seeking to recover on it can rebut the statute in the manner required by law. Under our law bonds and mortgages are barred in ten years, and no action can be maintained thereafter on them in the absence of proof tolling the statute. It is not a rebuttable presumption of payment which arises, but an absolute bar to the action.

This action would be barred in ten years from the date when the mortgage debt became due, but for the express provision of the statute which we have quoted. During the absence of the defendant from the State no limitation or presumption arises against the debt, for the creditor is not compelled to commence his action until after the debtor returns to the State. His absence from the State rebuts the statute and any presumption of payment of the debt.

Upon the findings of fact and admissions in the pleadings, the plaintiff is entitled to judgment of foreclosure. The cause is remanded to the Superior Court of New Hanover County with instructions to enter judgment accordingly.

Reversed.

HOKE, J., concurring in the result: Recognizing the correctness of the position stated in the principal opinion, that on the facts of this case the continued absence of the mortgagee from the State will prevent the running of the statute of limitations, I am of opinion that independent of such statute, and in addition thereto, the common-law presumption of payment after twenty years still prevails with us, and, unless the same is rebutted, that such presumption may defeat a recovery. *In re Dupree's Will,* 163 N. C., 256; *In re Beauchamp's Will,* 146 N. C., 254; *Worth v. Wrenn,* 144 N. C., pp. 656-660; *Cox v. Brower,* 114 N. C., 422; *Headen v. Womack,* 88 N. C., 468; *Cartwright v. Kenan,* 105 U. S., 1; *Campbell v. Brown,* 86 U. S., 396.

In *Cox v. Brower, supra,* Burwell, J., delivering the opinion, quotes with approval from Lawson on Presumptive Evidence, as follows: "In-

dependently of a statute of limitations, or in the absence of one after a lapse of twenty years, the law raises a presumption of payment as to bonds, mortgages, legacies, taxes, judgments, the due execution of trusts and the performance of covenants."

And in applying the principle, it is held, in *Campbell v. Brown, supra,* and in other cases, that absence from the State will not of itself repel the presumption.

This presumption, however, as heretofore stated, is not absolute as in the case of our present statute of limitations, but is one of fact, and rebuttable by proper evidence. In the present case the note and mortgage having matured in 1879, and twenty-four years having elapsed prior to the institution of the present action in 1903, if nothing else appeared the claim would be barred by reason of the common-law presumption. The referee, however, has found as a fact that the note and mortgage have not been paid off, and the presumption referred to being thus rebutted, I concur in the disposition made of the case.