Ruffin, C. J.
 

 The Court thinks that the judgment ought to be affirmed. The law makes two subscribing witnesses to a will indispensable to its formal execution. But its validity does not depend solely upon the testimony of those witnesses. If their memory fail, so that they forget their attestation, or they be so wanting in integrity as wilfully to deny it, the will ought not to be lost, but its due execution and attestation should be found on other credible evidence. The leading case on ihis point is that of
 
 Lowe
 
 v.
 
 Joliffe,
 
 1 Bl. Rep. 365 ; which was a remarkable one, and fully establishes this position. It has never, we believe, been questioned, but has been always spoken of with approbation. In
 
 Jackson
 
 v. Christman, 4 Wend. 277, it was laid down as undoubted law, that if the subscribing witnesses all swear, that the will was not duly executed, yet it may be supported by other witnesses or circumstances. In this Court
 
 Lowe
 
 v.
 
 Joliffe
 
 has
 
 been
 
 always
 
 understood to be law. Crowell
 
 v.
 
 Kirk,
 
 3 Dev. 355. For, although the law requires all the witnesses to be called, if within the jurisdiction, it would be most unreasonable to conclude the party calling them, as to the execution of a will more than in respect to any other instrument. The obligee must call the subscribing witness to a bond; but as Ins testimony, that it was executed, does not conclusively prove it, so his denial of his attestation or of the execution by the ob-ligor does not absolutely
 
 destroy it,
 
 but the parties may give other evidence, that it was or was
 
 not duly
 
 executed.
 
 Holloway
 
 v. Lawrence, I Hawks. 49. 1
 
 Phil. Ev.
 
 475, and the cases cited. The same reason applies to a will with even more force. As was said in
 
 *243
 

 Crowell
 
 v.
 
 Kirk,
 
 the subscribing witness to a will is rather the witness of the law than of the party calling him, and therefore the party is not bound to take his testimony as true, but ought to be at liberty to contradict and discredit him. it is impossible the Legislature should mean, that one of the most solemn acts of a man’s life should be defeated by the perjury of one man, or, indeed, any number of men ; and much less by his defect of memory or of a discrimination to judge correctly of the party’s strength of understanding. For as it is in respect of the faet of execution, so it must be in respect to the capacity of the party deceased, whether the defect be alleged to arise from insanity or the less permanent cause of intoxication. The jury are not confined to the opinions given by the subscribing witnesses on that point, nor to the facts on which they say they formed their opinions, but may take their judgment from other sources on which they rely more. Here the subscribing witnesses concurred in the facts, which go to make up what is called the execution ; but they differed as to the degree of intoxication and of its effects on the party’s mind and memory. The weight dye to, their respective opinions must depend on their intelligence and the opportunities they had of knowing how far the party’s faculties were ordinarily overcome by intoxication, and, particularly, the actual effects at the time of executing this instrument. Perhaps the jury might well have decided as they did, on the comparison in those respects of the two witnesses. But, at all events, when they thus differed, it must have been proper to let the jury see by other means, that in fact the party had a disposing memory and knew what he was about, and that he was only fulfilling a previous promise ; and that of what he did, he was so cop-scious and had such a perfect recollection, that he was able at different times for several years afterwards, both when sober and when drinking, to recite correctly the
 
 *244
 
 provisions of the paper. It is not uncommon that subscribing witnesses should not agree entirely in opinion as to the capacity of the party deceased, or as to the facts upon which they found their opinion ; and in such cases it is certainly reasonable, that either side should show, either by collateral circumstances or by direct proof, that one of them is more credible than the other, or that one of them is mistaken in his facts and the other not.
 
 Clary
 
 v.
 
 Clary, 2 Ire.
 
 78.
 

 Per Curiam. Judgment affirmed.