Pearson,
 
 J.
 

 As a matter of common justice, no one should bo deprived of his rights without an opportunity of being heard. Hence, no order, sentence or decree, made
 
 ex parte,
 
 is conclusive ; and all persons affected by it are entitled, £ of common right,’ to have it set aside.
 

 Tire exigence of the estates of deceased persons, sometimes requires that probate of wills should be .taken before there is time to serve notice upon the next of kin, because of a present necessity that some one should represent the deceased, take charge of the estate, collect debts, pay creditors, &c. Por this reason a probate in £ common form,’ that is, without citation to the next of kin, or others who may be interested, is allowed. This probate is valid until it is set aside, and cannot be impeached collaterally; wherein it differs from the
 
 ex parte
 
 probate of a deed for the purpose of registration; because the Ordinary in England, and the County Court here,
 
 *17
 
 have exclusive jurisdiction of the subject matter, and the proceeding is
 
 in rem.
 

 But such probate is not conclusive. To have that effect the probate must be in “ solemn formthat is, after citation,
 
 per testes ;
 
 or under our statute, in case of a cmeat,
 
 by the verdict of a jury.
 
 If the executor wishes to conclude the matter, he may, after probate in “ common form,” proceed to have citations issued and propound the will in “ solemn form.” Or the next of kin are entitled, of common right, to have such probate set aside, so as to give them an opportunity of contesting its validity, and having a probate
 
 per
 
 testes, or by the verdict of a jury.
 
 Bell
 
 v. Armstrong, 1 Addams 365, 2 Eng. Ecc. Rep. 139,
 
 Ralston
 
 v. Telfair, 1 Dev, and Bat. Rep. 482.
 

 Tin's right of the next of kin may be acted upon at any time, unless it be forfeited, which may be done in two ways, i. e., by acquiescence, or by unreasonable delay after notice of the former probate.
 

 Where the next of kin knew of the existence of the will and of the executor’s intention to take probate, and accepted a legacy after it was proven, he was allowed two years thereafter, “ upon bringing in the legacy,” to have the probate set aside and the script propounded in solemn form. Sib John Niouoll held these facts did not amount to such an acquiescence as would “ bar the exercise of this common right of the next of kin,”
 
 Bell
 
 v. Armstrong,
 
 supra.
 

 Where the next of kin resided abroad, and had no notice of the will, or of the probate,until after it -was taken, and then filed a bill in Equity, seeking to establish a trust of the personal estate in his favor against the executor of the will, it was held this did not amount to an acquiescence,
 
 Ralston
 
 v.
 
 Telfair. Supra.
 

 Where a widow not only had knowledge of the probate and contents of the will, but was active in procuring both its execution and probate, so that the probate was taken
 
 at her
 
 instance, and she took possession, under the will, of the estate, consisting of lands, slaves, and other chattels, all of wdiich wrere given to her during widowhood, and held possession for
 
 *18
 
 two years, at which time she married and filed her petition to have a probate in solemn form, it was held that these facts did amount to such an acquiescence as barred her right; especially as the re-probate was asked for, not under the expectation of defeating the will, but to get an opportunity to dis-* sent.
 
 Armstrong
 
 v.
 
 Baker,
 
 9 Ire. 109.
 

 Where a will was executed the day on which the testator died, and was admitted to probate in common form on the day after, and the next of kin were several in number, living at a distance from each other, and some of them were under disabilities of coverture and infancy, it was held that a delay of more than nine years was not so unreasonable as to bar their right to call for a probate in solemn form.
 
 Gray
 
 v.
 
 Maer,.
 
 3 Dev. and Bat. 47.
 

 lt is true, there is some conflict in the “ general remarks” made by the Judges who delivered opinions in these cases; but the
 
 decisions
 
 all stand well together and settle the law, so as to show beyond doubt, that the petitioners in our case, have a right now, to call for a probate in solemn form, so as to have the validity of the alleged will passed upon by a jury —a test to which it has not before been subjected.
 

 A marked distinction is taken where probate has passed in
 
 common
 
 form, and where the will has been propounded and proved in
 
 solemn
 
 form,
 
 per
 
 testes, or upon issues submitted to a jury upon a
 
 cmeat
 
 entered by some of the persons interested, either upon citation or of their own accord. In the former, as we have seen, the next of kin are entitled, of common right, to have the probate set aside and the script propounded in solemn form. In the latter, as the script has already been proven in solemn form
 
 per
 
 testes, or by the verdict of a jury, one who has an interest, although he may not have been regularly made a party in the first proceeding, is not entitled, as of common right, to have the will proven in solemn form a second time, and the court will exercise a discretion in regard to his application. For instance, the former sentence will not be set aside on the petition of a legatee, or of one for whom the executor holds as trustee, because he was repre
 
 *19
 
 sented by tbe executor.
 
 Redmond
 
 v. Collins, 4 Dev. Rep. 430. So, where a caveat was entered by some of the next of kin, and by the father of three others who were infants, after verdict in favor of the will, the Court refused to set aside the probate upon the petition of the latter, filed seven years after-wards, although there was no citation on file for them, and their father had not been regularly appointed their guardian; but had acted
 
 bona fide
 
 in endeavoring to defeat the will,
 
 McNorton
 
 v. Robison, 9 Ire. Rep. 256. So,
 
 “
 
 If an executor proves the will in solemn form, against certain of the next of kin, not having cited them
 
 all,
 
 the others, even although uncited, if to a certain extent privy to, and aware of, the suit, shall not put the executor on proof of the will, so once already proven, a second time.”
 
 Newell
 
 v.
 
 Weeks,
 
 2 Phill. 224. These cases are all put on the ground, that the will has once been proven in solemn form. The distinction is plain, and may reconcile the general remarks above referred to. But, however that may be, the decisions, as we have said, settle the law in reference to our case.
 

 The supposed will was executed on the same night that the testator died, and the probate was taken in common form a few days afterwards.
 

 There is no allegation that the petitioners, or any of them, knew of the existence of the will before, or at the time of, the probate ; so, the idea of acquiescence is out of the question.
 

 An interval of more than ten years elapsed between the probate and the present application, during which time the executor, who was also the universal legatee, had possession of the estate. lie died a short time before the petition was filed. The question is, does this delay, under the circumstances, operate as a forfeiture of the right of the petitioners ?
 

 There is no direct allegation on either side as to the time when the petitioners, received information of ‘the death of their kinsman, the supposed testator, the existence of the supposed will, or of the fact that probate had been taken.
 

 It is alleged by the petitioners that two of them were nonresidents at the time of the death of their kinsman, and have
 
 *20
 
 been ever since. Another was beyond seas, and remained abroad until a few months before the petition was filed. Another was under coverture, and is still so. And the other was
 
 non compos mentis
 
 for many years before the death of her kinsman, and continued so until her death, which occurred about a year before the filing of the petition, and no administration was taken upon her estate until the time at which the petition was filed. And there is a general allegation, that they were “ poor, uneducated, and have been uninformed of their rights until very recently.”
 

 The respondents make no allegation as to the time when the petitioners were informed of the death of die testator, of the existence of the will, or of the fact that probate had been taken. They content themselves by averring, that “ they know nothing of the education of the petitioners, or of their condition as to estate, or their knowledge of their rights.” So, the proceedings furnish no data by which to fix a date, from which the time should begin to run. Certainly, delay cannot be considered as amounting to
 
 laches
 
 until the petitioners are fixed with notice; and as they are entitled of common right to have the script propounded for probate in solemn form, it was for the respondents to allege and prove all the facts necessary to establish a forfeiture of this right.
 

 But the case does not stop here. The respondents admit tiiat two of the petitioners were non-residents, one was beyond seas, one a
 
 feme
 
 covert, and the other
 
 non compos
 
 mentis, as alleged in the petition; so that if it had been alleged and proved, that the petitioners had full notice the very day after the probate, these circumstances and disabilities are sufficient to account for, and do away with, the effect of the delay. It was not unreasonable, and does not operate as a forfeiture of their rights.
 

 The fact that the executor and universal legatee died in the mean time, has no bearing.
 
 Laches
 
 may rather be attributed to him for allowing the matter to stand so long upon a probate in common form, when it was in his power to have a
 
 *21
 
 probate in solemn form, if lie wished to conclude the matter by giving the petitioners an opportunity of contesting it.
 

 The counsel on both sides seem to have attached much importance to the allegations as to the execution of the will and the capacity of the testator. Much proof was taken in reference to them, which was heard in the Court below, and was read and commented on before us. It is proper to say, that the counsel have acted under a misconception in this respect. We presume it was caused by the “general remarks” above referred to, in
 
 Armstrony
 
 v.
 
 Baker,
 
 and for the sake of correcting it, have entered into a more full discussion than would otherwise have been necessary.
 

 A moment’s reflection is sufficient to show, that the Court cannot be expected to try these questions in order to see whether they should be sent to a jury for trial. As is said in
 
 Gray
 
 v.
 
 Maer,
 
 “ upon the merits of the controversy we have neither formed, nor have a right to form, an opinion.” It is sufficient for us to say, the petitioners are entitled to have these questions tried by a jury. In this proceeding, a consideration of them is incidental merely, the main question being, have the petitioners forfeited their right by acquiescence, or unreasonable delay ? Consequently, the allegations in regard to the former, should rest simply upon the affidavit of the parties; whereas, proof should be taken in regard to facts tending to establish acquiescence or the time of notice, or the disability of the petitioners, or any allegation tending to account for the delay, if not admitted ; because these matters are to be passed on by the Court.
 

 Per Curiam.
 

 Judgment affirmed.