IN THE MATTER OF THE LAST WILL AND TESTAMENT OF HERMAN R. ROEDIGER, DECEASED.

(Filed 26 February, 1936.)

1. **Wills C g—Interlineations and annotations made on will by testator held not to effect revocation of will under the facts.**

   Where testator, in his own handwriting, makes certain interlineations and annotations upon his will, which had been properly executed, and marks through certain words of the will, and it appears that such alterations are insufficient to constitute a holographic will and were made with the intent of altering the will at some future date in accordance with the notations, but that such alterations were not made with the intent to revoke the will in whole or in part, such interlineations and annotations are insufficient to show a revocation of the will, intent to revoke being essential to revocation by defacement or obliteration of the will by testator under the provisions of C. S., 4133.

2. **Appeal and Error K b: F a—Where error vitiating judgment appears on face of record, judgment may not be affirmed.**

   When it appears from the face of the record that errors in the trial were committed which renders the judgment void, the judgment cannot be affirmed on appeal, even though such errors are not assigned on appeal as grounds for reversal of the judgment. C. S., 1412.

3. **Infants G b—Corporation may not be appointed next friend of infant.**

    Only a person whose fitness has first been ascertained by the court is eligible for appointment by the court as next friend of a minor to institute suit, and neither a foreign nor domestic corporation may be appointed next friend of an infant. Rule of Practice in the Superior Courts, No. 16; C. S., 450.

4. **Wills D a: Jury C b—Court may not try issue raised by caveat.**

    The probate of a will in solemn form is a proceeding *in rem*, and the issue raised by the caveat must be tried by a jury, C. S., 4159, and the propounder and caveator may not waive trial by jury and submit the issue to the court under an agreed statement of facts.

Appeal by Security National Bank of Greensboro, N. C., next friend of the infant children of Herman R. Roediger, deceased, from *Pless, J.,* at August Term, 1935, of Guilford. Error and remanded.

This is a proceeding for the probate in solemn form of a paper writing propounded as the last will and testament of Herman R. Roediger, who died in the city of Greensboro, N. C., on 12 April, 1935.

On 20 April, 1935, Barbara Nevada Roediger, widow of Herman R. Roediger, offered for probate in common form by the clerk of the Superior Court of Guilford County a paper writing purporting on its face to be the last will and testament of Herman R. Roediger, deceased. After hearing evidence offered by the propounder, and after an inspection of the paper writing, it was ordered by the said clerk that said paper writing be and the same was probated as the last will and testament of the said Herman R. Roediger, eliminating certain interlineations and annotations made by the testator with a pencil and appearing on the face of said paper writing. Barbara Nevada Roediger, who was named in said last will and testament as the executrix of the said Herman R. Roediger, thereafter duly qualified as such executrix.

Thereafter, on 16 May, 1935, the Security National Bank of Greensboro, N. C., pursuant to an order made by the clerk of the Superior Court of Guilford County, as next friend of the infant children of Herman R. Roediger, deceased, to wit: Anne Roediger, Herman R. Roediger, Jr., Charles Roediger, and Richard Roediger, filed a caveat to the probate of the said paper writing as the last will and testament of Herman R. Roediger, and alleged in said caveat "that the paper writing of which 'Exhibit A' is a copy was not and is not the last will and testament of said Herman R. Roediger, deceased, for the reason that Herman R. Roediger, prior to his death, and subsequent to the execution and attestation of said paper writing, canceled or obliterated certain material portions and words contained therein by drawing lines through parts of same with the intent to annul the will, and by making in his handwriting certain pencil interlineations, all of which is shown on copy of said

will hereto attached as 'Exhibit A'; that said cancellations or obliterations, which were made in material portions of said will, rendered said will void and of no effect, because it eliminated any testamentary disposition of the property of Herman R. Roediger, and because the pencil interlineations made in the handwriting of Herman R. Roediger were not executed with the same dignity and formality as was required for the original will."

Upon the filing of said caveat, the proceeding was transferred to the Superior Court of Guilford County, for the trial of the issue raised by the caveat at term time, as required by statute. Citations were duly issued to Barbara Nevada Roediger, widow of Herman R. Roediger, and to Barbara Nevada Roediger, executrix of Herman R. Roediger. Thereafter, as widow and as executrix, the said Barbara Nevada Roediger filed an answer to the caveat, in which she denied that prior to his death, and subsequent to the execution and attestation of said paper writing as his last will and testament, the said Herman R. Roediger canceled and thereby revoked the said paper writing as his last will and testament.

When the proceeding was called for trial at August Term, 1935, of the Superior Court of Guilford County, judgment was rendered as follows:

"This cause coming on to be heard before the Hon. J. Will Pless, Jr., judge presiding, and being heard without the intervention of a jury, upon agreement of counsel for the propounder and for the caveator, upon an agreed statement of facts, with the further agreement that the court sitting as a jury may find such additional facts from the evidence as are necessary to a proper determination of this cause; thereupon the court finds the following facts, which are agreed to by the parties hereto:

"I. That the Security National Bank of Greensboro, North Carolina, is a corporation, duly organized and existing under and by virtue of the laws of the United States of America, with its principal office located in Greensboro, North Carolina; that on 11 May, 1935, Security National Bank of Greensboro, N. C., was duly appointed next friend of Anne Roediger, Herman R. Roediger, Jr., Charles and Richard Roediger, minors, by the clerk of the Superior Court of Guilford County.

"II. That on 12 April, 1935, Herman R. Roediger died in Guilford County, North Carolina, and left surviving him his wife, Barbara Nevada Roediger, and the following children: Anne Roediger, Herman R. Roediger, Jr., Charles Roediger and Richard Roediger, all of whom are minors.

"III. That on 25 April, 1935, Barbara Nevada Roediger, through her attorney, Sidney J. Stern, presented to the court a paper writing for the purpose of having the same probated as the last will and testament

of Herman R. Roediger; that a photostatic copy of said paper writing, marked 'Exhibit A,' is attached hereto and made a part hereof as if fully set out; that thereupon the clerk of the Superior Court admitted said paper writing to probate with the elimination of all pencil marks and notations thereon, as the last will and testament of the said Herman R. Roediger, and thereafter, on 20 April, 1935, Barbara Nevada Roediger obtained from the clerk of the Superior Court of Guilford County letters of administration as executrix of the estate of the said Herman R. Roediger.

"IV. That on ...... May, 1935, Security National Bank of Greensboro, North Carolina, as the next friend of the daughter and sons of the late Herman R. Roediger, as aforesaid, and as the only other person interested in the estate of Herman R. Roediger, except Barbara Nevada Roediger, filed with the clerk of the Superior Court of Guilford County a caveat to the paper writing probated as the last will and testament of Herman R. Roediger.

"V. That on 28 May, 1930, Herman R. Roediger executed a last will and testament, a photostatic copy of which is attached hereto, marked 'Exhibit B,' and made a part hereof as if herein fully set out.

"VI. That on 15 October, 1934, Herman R. Roediger executed a last will and testament which was in the form required by law, and had no pencil marks and notations, as was shown on said will when same was admitted to probate by the clerk of the Superior Court of Guilford County; that Herman R. Roediger was confined in the Clinic Hospital in the city of Greensboro, North Carolina, for several months prior to his death on 12 April, 1935; that on or about the last day of February, 1935, the said Herman R. Roediger requested his secretary to bring his will, dated 15 October, 1934, to him at said hospital; that pursuant to said request the secretary took said will from the safe in the office of the said Herman R. Roediger in the city of Greensboro, North Carolina, and delivered it to the said Herman R. Roediger, who retained possession of it for a period of six to eight weeks, when he delivered said will to his secretary and requested her to replace it among his private papers in the safe in his office, which was accordingly done by said secretary; that after the death of Herman R. Roediger the paper writing which has been probated in the office of the clerk of the Superior Court of Guilford County without the pencil marks and notations, was found among the private papers of Herman R. Roediger in the safe in his office; that it is agreed among the parties hereto that the pencil marks and notations, as shown on said paper writing, were made by the late Herman R. Roediger during the period of time that he had possession of said will while in the Clinic Hospital, as aforesaid.

"VII. That the pencil marks and notations, as shown on the will probated in the office of the clerk of the Superior Court, were made in the handwriting of Herman R. Roediger, and that the paper writing which was probated in the office of the clerk of the Superior Court was never republished by the said Herman R. Roediger after the placing of the pencil marks and notations thereon by him.

"VIII. It is agreed that the deed to the home place, same being known and numbered as 624 North Elm Street, was in the joint names of Herman R. Roediger and Barbara Nevada Roediger; that all household and kitchen furniture therein was owned by the said Barbara Nevada Roediger, save and except the piano, which belonged to Anne Roediger.

"IX. That the parties hereto were unable to agree upon the legal effect of the pencil marks and annotations on 'Exhibit A,' which were placed therein by the said Herman R. Roediger in the manner aforesaid, and what, if any, is the testamentary value of said paper writing, and if of any testamentary value, whether or not the same revokes the alleged will theretofore made by him on 28 May, 1930.

"In addition to the above facts, which were agreed upon by the parties, the court finds the following facts:

"That Herman R. Roediger intended at some time to revise his will in accordance with the pencil notations shown on the will marked 'Exhibit A,' and that he intended to insert into the said revised will the words which were interlined in pencil, and that such pencil interlineations and marks thereon were made by him and intended for the purpose of showing his desires in the revision of his will. However, the court further finds as a fact from the physical appearance of the paper writing and from the agreed facts that he did not intend his interlineations and pencil lines drawn through the written portion of the will to constitute his revised will.

"Upon the foregoing facts found, the court holds as a matter of law that the action of the testator in interlining and striking out parts of his will evidenced his desires in connection with the revision of his will, but that they were not a sufficient cancellation or obliteration of the same to revoke the said will, or any part thereof.

"Upon the foregoing facts found, it is considered, ordered, and adjudged that the paper writing executed by Herman R. Roediger, deceased, dated 15 October, 1934, and every part thereof as propounded, without interlineations and erasures, is the last will and testament of the said Herman R. Roediger, and it is further ordered that the caveator pay the cost of this proceeding, to be taxed by the clerk."

Security National Bank of Greensboro, N. C., next friend, excepted to the judgment and appealed to the Supreme Court.

*D. Newton Farnell, Jr., for caveator.*
*Sidney J. Stern and Beverly C. Moore for propounder.*

Connor, J. The judgment in this proceeding is supported by the facts set out in the agreed statement of facts submitted to the court by the propounder and by the caveator, supplemented by the facts found by the court, with their consent. If the paper writing which was propounded for probate as the last will and testament of Herman R. Roediger, deceased, was written during his lifetime, and signed by him, and was subscribed in his presence by two witnesses, at least, no one of whom was interested in the devise and bequest of his estate, in accordance with the provisions of C. S., 4131, then said paper writing is the last will and testament of the said Herman R. Roediger, deceased, and should be probated in this proceeding as such, unless such last will and testament was subsequent to its due execution revoked by the testator, in accordance with the provisions of C. S., 4133.

On all the facts set out in the judgment, the said last will and testament was not revoked by the testator by its cancellation or obliteration, in whole or in part, as provided by the statute. The interlineations and annotations made by the testator after his execution of the said last will and testament, and appearing therein at the time it was offered for probate, do not affect its validity, and were properly eliminated by the court in its judgment. See *In re Love*, 186 N. C., 714, 120 S. E., 479, and authorities cited in the opinion in support of the decision in that case. A paper writing duly executed as a last will and testament is not revoked in whole or in part by cancellation or obliteration, unless the testator defaced or obliterated said paper writing, or some material clause or words therein, with intent thereby to revoke the same, in whole or in part. A defacement or obliteration, although made by the testator, is not alone sufficient to show the revocation of a last will and testament duly executed by the testator.

The judgment in this proceeding, however, cannot be affirmed, for errors appear on the record, which, although not assigned on this appeal as grounds for the reversal of the judgment, require the consideration of this Court. These errors preclude this Court from affirming the judgment. C. S., 1412. *Wilson v. Lumber Co.*, 131 N. C., 163, 42 S. E., 565; *Thornton v. Brady*, 100 N. C., 39, 5 S. E., 910. Manifestly, this Court cannot affirm a judgment when it appears from an inspection of the record that there were errors in the trial in the Superior Court, which show that the judgment is void.

I. The children of Herman R. Roediger, deceased, who are interested in his estate, and therefore entitled under C. S., 4158, to file a caveat to the probate in common form of a paper writing propounded as his

last will and testament, are all infants. They have no general or testamentary guardian. For that reason they must appear in this proceeding by a next friend, C. S., 450, appointed by the clerk of the Superior Court of Guilford County, as provided by Rule 16 of the Rules of Practice in the Superior Courts of this State. 200 N. C., 842.

This rule is as follows: "In all cases where it is proposed that infants shall sue by their next friend, the court shall appoint such next friend, upon the written application of a reputable, disinterested person closely connected with such infant; but if such person will not apply, then upon the like application of some reputable citizen; and the court shall make such appointment only after due inquiry as to the fitness of the person to be appointed."

The appointment in the instant case of Security National Bank of Greensboro, N. C., a corporation, as next friend of the infant children of the deceased, was not authorized by the rule. Only a person, whose fitness has first been ascertained by the court, is eligible for appointment by the court as next friend. The rule does not contemplate or authorize the appointment of a corporation, whether organized under the laws of this State or under the laws of another state, or of the United States, as next friend. There was error in the appointment of a corporation as next friend of the infant children of Herman R. Roediger, deceased, in this proceeding.

II. When a caveat to the probate in common form of a paper writing propounded as the last will and testament of a deceased person has been filed as provided by C. S., 4158, and the proceeding which was begun before the clerk of the Superior Court having jurisdiction, has been transferred to the Superior Court for trial of the issue raised by the caveat at term time, as provided by C. S., 4159, the issue must be tried by a jury and not by the judge. A trial by jury cannot be waived by the propounder and the caveator. Nor can they submit to the court an agreed statement of facts, or consent that the judge may hear the evidence and find the facts determinative of the issue. The propounder and the caveator are not parties to the proceeding in the sense that they can by consent relieve the judge of his duty to submit the issue involved in the proceeding to a jury.

In the instant case, it was error for the judge to render judgment on the facts agreed upon by the propounder and the caveator, and supplemented by the facts found by him, with their consent. The proceeding was *in rem,* and could not be controlled by the propounder and the caveator, even with the consent and approval of the judge. In that respect it is distinguishable from a civil action.

For the errors appearing on the record, the proceeding is remanded to the Superior Court of Guilford County, in order that a next friend of

the infant caveators may be appointed by the court in compliance with Rule 16, Rules of Practice in the Superior Courts, and for the trial by a jury of the issue raised by the caveat, and of such other relevant issues as the judge may in his discretion submit to the jury.

We deem it proper to say that the record in this appeal shows that the proceeding was conducted in the Superior Court in good faith, and that the errors in the record which preclude this Court from affirming the judgment were manifestly inadvertent on the part of the clerk, the judge, and counsel for the propounder and the caveator. We cannot, however, affirm the judgment, because the judgment is not supported by the verdict of a jury, and the infant caveators do not appear in the proceeding by a next friend duly appointed in compliance with the rule prescribed by this Court, pursuant to its statutory authority. C. S., 1421.

Error and remanded.