## IN RE WILL OF CALEB HARRIS.

(Filed 7 November, 1940.)

**1. Wills § 21c—**

Undue influence which will justify the setting aside of a will is a fraudulent influence or such an overpowering influence as substitutes the will of the person exercising the influence for that of the testator so that the testator is constrained to act against his will.

**2. Wills § 22—**

The burden on the issue of undue influence rests upon caveators.

**3. Wills § 24—Evidence held insufficient to sustain allegation of undue influence and peremptory instruction for propounders was without error.**

The evidence viewed in the light most favorable to caveators tended to show only that testator's sole heirs at law were his nephews and niece, that he left more of his property to some of them with whom he had lived and associated more closely than to others, that he was a sporadic drinker, and that the will in question was executed by him in the office of an attorney, and that the day the will was executed he came home intoxicated, *is held* insufficient to support caveators' allegations of undue influence, and a peremptory instruction on the issue in favor of the propounders is not error.

APPEAL by caveators from *Burney, J.,* at June Term, 1940, of PASQUOTANK.

Motion for new trial for newly discovered evidence was allowed on 27 August, 1940. Petition to rehear motion for new trial for newly discovered evidence was allowed and order for new trial vacated. The case is now considered upon original record and briefs.

*J. Kenyon Wilson, M. B. Simpson, R. Clarence Dozier, and Jack W. Jennette for propounders, appellees.*

*Robert B. Lowry and H. S. Ward for caveators, appellants.*

SCHENCK, J. A paper writing purporting to be the last will and testament of Caleb Harris was offered for probate by his nephew, Charles H. Harris, who was named as executor therein, and was duly admitted to probate in common form and letters testamentary duly issued to the propounder. Charles H. Harris, Paul C. Harris, Claud D. Harris, Tram Harris, C. C. Harris and Mrs. J. B. Jennings, nephews and niece of the testator, were the beneficiaries named in the will. Elizabeth Harris *et al.,* nieces and nephews of the testator, in behalf of themselves and others, heirs at law and next of kin of the testator, filed a caveat, wherein it is alleged that the testator was without testamentary capacity at the time of the execution of the paper writing, and that the execution thereof was obtained by undue influence.

The court submitted four issues, (1) as to the formal execution of the paper writing, (2) as to the mental capacity of the deceased, (3) as to the procurement of the execution of the paper writing by undue influence, and (4) as to the paper writing propounded being the last will and testament of Caleb Harris, and instructed the jury that if they believed all the evidence and found the facts to be as the evidence tended to show, and by the greater weight thereof, it would be their duty to answer the issues in favor of the propounders. The jury answered the issues in favor of the propounders, and from judgment predicated on the verdict the caveators appealed, assigning as error the court's peremptory instruction.

The record and the caveators' brief indicate that the only assignment of error relied upon by the appellants is "that there is evidence in the record sufficient to go to the jury on the third issue (as to undue influence)." We have read the record with care and are of the opinion, and so hold, that this assignment cannot be sustained.

"To constitute 'undue influence' within the meaning of the law, there must be something operating upon the mind of the person whose act is called in judgment, of sufficient controlling effect to destroy free agency and to render the instrument, brought in question, not properly an ex-

pression of the wishes of the maker, but rather the expression of the will of another. 'It is the substitution of the mind of the person exercising the influence for the mind of the testator, causing him to make a will which he otherwise would not have made.'

"In short, undue influence, which justifies the setting aside of a will, is a fraudulent influence, or such an overpowering influence as amounts to a legal wrong. *In re Mueller's Will,* 170 N. C., 28, 86 S. E., 719; *Plemmons v. Murphey,* 176 N. C., 671, 97 S. E., 648; *In re Craven's Will,* 169 N. C., 561, 86 S. E., 587. It is close akin to coercion produced by importunity, or by a silent, resistless power, exercised by the strong over the weak, which could not be resisted, so that the end reached is tantamount to the effect produced by the use of fear or force. To constitute such undue influence, it is not necessary that there should exist moral turpitude, but whatever destroys free agency and constrains the person, whose act is brought in judgment, to do what is against his or her will, and what he or she otherwise would not have done, is a fraudulent influence in the eye of the law. *In re Lowe's Will,* 180 N. C., 140, 104 S. E., 143; *In re Abee's Will,* 146 N. C., 273, 59 S. E., 700." *Stacy, C. J.,* in *In re Will of Turnage,* 208 N. C., 130.

The evidence, when viewed in the light most favorable to the caveators, upon whom the burden of proof of the issue rested, tended to show no more than that the will was executed by Caleb Harris "sometime before 12 o'clock" on 7 December, 1927, in the law office of E. F. Aydlett, Esquire, that it was drawn and witnessed in a formal manner; that on the day preceding its execution the last surviving brother of the testator was buried; that on the night of the day of the execution of the will the testator came home drunk; that the testator drank more or less intoxicating liquors and occasionally got drunk; that at the time of his death in August, 1939, at the age of approximately 80 years, he had been living with his nephew Charles H. Harris for 8 or 9 years, that Charles H. Harris was named as executor and was the largest beneficiary under his will; that the testator was never married and his heirs and next of kin at the time of his death were his nephews and nieces."

The case is distinguishable from *In re Amelia Everett,* 153 N. C., 83, relied upon by the appellant.

Caleb Harris was free to dispose of his property, real and personal, as he saw fit, and the mere fact that he chose to give it to some of his nephews and a niece, with whom he had lived and associated more closely, to the exclusion of other nephews and nieces, coupled with the fact that he was a sporadic drinker of intoxicating liquors and the other facts made to appear by the record, is not sufficient evidence to sustain an allegation that his will was executed under undue influence.

The order heretofore entered for a new trial for newly discovered evidence is vacated.

In the trial and judgment of the Superior Court we find

No error.