IN THE MATTER OF THE WILL OF CORNELIA EVANS.

(Filed 19 May, 1943.)

**1. Wills §§ 24, 25—**

Upon caveat to a will and issue of *devisavit vel non*, where there is no conflict in the testimony as to the due execution of the paper writing as a will and no evidence of undue influence or mental incapacity, it is not error for the court to charge the jury to answer the issue in the affirmative, should they find, by the greater weight of the evidence, the facts to be as testified to by the witnesses and as shown by the documentary evidence.

**2. Wills §§ 24, 27—**

In proceeding to caveat a will motions as of nonsuit or requests for direction of a verdict on the issues will be disallowed.

APPEAL by caveators from *Armstrong, J.*, at May Term, 1942, of MOORE. No error.

On 17 May, 1935, Cornelia Evans executed a last will and testament in which she bequeathed and devised all her personal property and real estate, except her money on hand, to her husband. He was "to have and use said land any way he chooses. But at his death any that is in his possession is to go to my grandchildren and Bill Evans in equal parts." She bequeathed her money on hand one-third to her husband and one-third to each of her two grandchildren.

The testatrix died 8 August, 1941, and her will was duly probated in common form. Thereupon the two grandchildren filed a caveat, alleging undue influence and mental incapacity. They also alleged that the purported signature of the testatrix was not, in fact, her signature.

When the cause came on for hearing in the court below the issue of *devisavil vel non* was answered in favor of the propounder. From judgment thereon the caveators appealed.

*Seawell & Seawell for appellants.*
*Mosley G. Boyette for appellee.*

BARNHILL, J. The only assignment of error in the record is in the following language: "The only exception is to the motion allowed by the judge and the judge's charge directing the verdict in the cause." It fails to point out the particular part of the charge—three pages in length—to which the exception is directed.

The judge in his charge explained the requisites of a valid will and instructed the jury as to the burden of proof. He then charged: "So in this case, gentlemen of the jury, and under the evidence in this case,

the court instructs you that if you believe the evidence and find the facts to be as testified to by the witnesses in this case and the documentary evidence as introduced in evidence, and so find by the greater weight of the evidence, the same to be true, you will answer this first issue submitted to you, or the only issue submitted to you YES. That is, that this paper writing and every part thereof is the last will and testament of Cornelia Evans, deceased, and the Court directs you as a matter of law, under the evidence in the case, if you so find by the greater weight of the evidence the facts to be true as testified by the witnesses and as shown by the documentary evidence, you will answer the issue YES."

The evidence for the propounder tends to show that the testatrix had been a school teacher for many years and was "an unusually intelligent colored woman"; that she procured one Blue to prepare or write a will for her; and that she told him what disposition she desired to make of her property. He wrote the will in accord with what he conceived to be her instructions. She read it as prepared by him; said it was all right; and signed it as her will. As she was suffering from arthritis in her right arm she had another to write her name while she held to the pen. She then requested Blue and his niece to sign as witnesses. This they did in the presence of the testatrix and in the presence of each other.

The caveators offered no testimony except as to the general reputation of one of the caveators, and there was no evidence tending to contradict the testimony of the propounder as to the due execution of the paper writing as a will. Nor was there any evidence of undue influence or mental incapacity.

Under these circumstances it was not improper for the court to give the quoted instructions. The evidence tended to show the due execution of the will. If believed and accepted by the jury it was their duty to answer the one issue in the affirmative. The court simply applied the law to the evidence in the case as it is required to do by statute. C. S., 564.

We are advertent to the opinion in *In re Will of Redding,* 216 N. C., 497, 5 S. E. (2d), 544, relied on by appellants. It is there said: "Motions as of nonsuit or requests for direction of a verdict on the issues will be disallowed." *In re Will of Hinton,* 180 N. C., 206, 104 S..E., 341, is cited in support. An examination of the latter case discloses that the Court in that case merely held that: "The request for instructions . . . to find for propounders on the issue as to undue influence, were properly disallowed." It was not held that such a charge, in any event, would be improper. We have held to the contrary. *In re Will of Harris,* 218 N. C., 459, 11 S. E. (2d), 310.

Be that as it may, an instruction which presents the issues of fact to the jury is not a peremptory instruction directing a verdict. *McGee v.*

*Saint Joseph Belt Ry. Co.,* 93 S. W. (2d), 1111. Here, as there was no conflict in the testimony as to the due execution of the paper writing, the weight and credibility of the evidence was the only real issue of fact. This was submitted to the jury and the court expressed no opinion thereon. The caveators have no just cause to complain.

No error.