## In re Will of FRANK ELLIS.

(Filed 1 February, 1952.)

**1. Wills § 16—**

The probate of a will in common form is *ex parte,* and while conclusive until set aside in a proper proceeding, it is subject to caveat at the time of probate or at any time within seven years thereafter by any person entitled under the will or interested in the estate, G.S. 31-32, or the will may be probated *per testes* without probate in common form.

**2. Wills § 17—**

   The clerk may probate a will in solemn form without a verdict of the jury where all interested parties are cited to appear or they come in voluntarily, provided such parties raise no issue of fact; but where issues of law and of fact, or issues of fact are raised by any party denying the validity of the will, the issue of *devisavit vel non* is raised and must be tried by a jury, and in such instance trial by jury may not be waived by any of the parties nor may nonsuit or a directed verdict be entered.  G.S. 1-273.

**3. Same—**

   The clerk refused to probate the paper writing in question in common form because of the testimony of one of the subscribing witnesses that he did not sign same in the presence of testator.  No appeal was taken by propounder.  Thereafter the widow filed a petition for probate in solemn form, and citation to interested parties was duly issued and served.  Upon like testimony the clerk refused to admit the paper writing to probate in solemn form.  *Held:* The parties are not bound by the findings of the clerk, since an issue of fact was raised by the parties which must be determined by the jury upon the issue of *devisavit vel non.*

**4. Wills § 24—**

   Testimony of a subscribing witness that he did not sign the paper writing in the presence of testator is not conclusive, but the contrary may be shown by other testimony.

APPEAL by petitioner from *Stevens, J.,* May Term, 1951, of DURHAM. The facts pertinent to this appeal are as follows:

1. Frank Ellis died on 20 November, 1948, leaving a paper writing purporting to be his last will and testament, witnessed by Robert F. Adcock and Lonnie Maynard.  This paper was presented to the clerk of the Superior Court of Durham County for probate in common form, but the witness Maynard testified that he did not sign the paper writing in the presence of the testator, whereupon the clerk refused to probate the paper.  No appeal was taken by the propounder.

2. Thereafter, on 17 January, 1949, Mrs. Mary Ellis, widow of the testator and one of the chief beneficiaries under his purported will, filed a petition before the clerk of the Superior Court for probate of the instrument in solemn form, and prayed that citation be issued to all interested parties to come in and contest the probate of said paper writing if they so desired.  The devisees and legatees named in the purported will are Mary Ellis, Lera Ellis Williams, Dora Ellis Adcock, Beadie Ellis, Otho J. Ellis, and Levi J. Ellis.

3. On 19 February, 1949, the clerk held a hearing on the petition.  The citation "to come and see proceedings," had been duly issued and served on the interested parties, and the respondents Levi Ellis, Lera Ellis Williams, and Dora Ellis Adcock had theretofore filed an answer to the citation denying that the paper offered for probate is the last will and testa-

ment of Frank Ellis, deceased.  The evidence taken before the clerk discloses that Garland E. Adcock prepared the purported will at the request of Frank Ellis, on 25 June, 1948, in the home of the testator. Others present at the time the will was prepared were Robert F. Adcock, Mrs. Mary Ellis, wife of Frank Ellis, and Lonnie Maynard.  According to the testimony of Garland E. Adcock, Mrs. Mary Ellis and Robert F. Adcock, after the will was prepared, Frank Ellis signed it and requested Lonnie Maynard and Robert F. Adcock to sign it as witnesses; that each of them saw Lonnie Maynard and Robert F. Adcock sign the will as witnesses in the presence of Frank Ellis.  Maynard, however, testified that he signed it but not in the presence of the testator.  Whereupon, the clerk entered an order declining to admit the paper writing to probate in solemn form.  The petitioner excepted to the order and the clerk certified a transcript of the proceedings before him to the Superior Court and transferred the cause to the civil issue docket for trial.

4. When the cause came on for hearing in the Superior Court, the respondents made a motion to remand to the clerk with instructions to appoint an administrator of the estate, on the ground that the hearing before the clerk, constituted a final trial upon the merits and that the ruling of the clerk declining to admit the paper writing to probate was conclusive on the propounders upon the issue of *devisavit vel non*, as to all matters save possible errors of law committed by the clerk.  His Honor granted the motion and entered judgment accordingly.  The petitioner appeals and assigns error.

*Fuller, Reade, Umstead & Fuller and A. H. Graham, Jr., for petitioner, appellant.*

*Robinson O. Everett, Kathrine R. Everett, Jas. R. Patton, and R. O. Everett for respondents, appellees.*

Denny, J.  The determinative question presented on this appeal is whether the interested parties in a proceeding before a clerk of the Superior Court to probate a will in solemn form are bound by the findings of the clerk where an issue of fact is raised by the parties.  The answer must be in the negative.

The appellees contend that if the propounders originally had a right to trial by jury, it was restricted to a caveat after probate in common form, or to an appeal from the order rejecting the probate in common form; but in any event the propounders had a right to waive a trial by jury, which they did by petitioning the clerk to issue citations to the interested parties, to hear the evidence and probate the will in solemn form in a recognized "come and see proceeding," citing *Redmond v. Collins,* 15 N.C. 430; *Etheridge v. Corprew,* 48 N.C. 14; *Randolph v. Hughes,* 89 N.C. 428; *Collins v. Collins,* 125 N.C. 98, 34 S.E. 195; *In re*

*Will of Rowland,* 202 N.C. 373, 162 S.E. 897; Mordecai's Law Lectures, Vol. II, 2nd Ed., page 1213.

We do not construe these decisions as controlling on the question before us, nor the comments of Mr. Mordecai, cited by the appellees, as supporting their contention.

In the case of *Redmond v. Collins, supra,* the will was offered for probate in common form. A caveat to its probate was filed at the time the order of probate was entered. Thereupon an issue of *devisavit vel non* was made up, and the jury found that the paper tendered for probate was not the last will and testament of the deceased party. Whereupon the court pronounced against the paper as a will and granted letters of administration to Redmond, the caveator. The propounders did not appeal. Later a petition was filed by the children of one of the beneficiaries under the will, the beneficiary having died, in an attempt to have the will admitted to probate on the ground of alleged fraud in connection with the original proceeding. The court held that the propounders in the first instance kept back none of the proper proofs and the paper writing should have been pronounced a good will, the error was one of the tribunal and not of the parties. However, since no appeal was taken from the judgment by the executors, not resulting from bad faith, but from a misapprehension of their duty and of their personal liability for costs, the parties were bound by the judgment. The appellees, herein, contend the following statements in the opinion by *Ruffin, C. J.,* support their position: "To enable the propounder to bind others a decree is taken out by him authorizing him to summon all persons, 'to see proceedings,' not to become parties, but to witness what is going on, and take sides if they think proper. If the propounder does not choose to adopt that course, he may at once take his decree; which in relation to this subject is called proving the will in common form. If he take out a decree and summon those in interest against him, 'to see proceedings,' they are concluded, whether they appear and put in an allegation against the will or not, and as against those summoned this is called probate in solemn form.

"But besides these methods, there is another, by which persons may be heard and concluded. If the propounder will not take out a decree 'to see proceedings,' a person in interest is not bound to wait the result of that proceeding, and then prefer an allegation to call in the decree made on it, and asserting his own rights; but he may at once 'intervene' by a counter allegation, because the proceeding is *in rem* and all shall be heard. Upon which intervention each of the persons are of course bound by the sentence as before."

In view of the facts before the Court in the above case, we do not think there is anything in the opinion from which it may be inferred that the court intended to hold that in a proceeding before a clerk of the Superior

Court to probate a will in solemn form, the clerk has the power to pre-clude the submission of the issue of *devisavit vel non* to a jury where issues of fact are raised in the hearing before him.

In *Etheridge v. Corprew, supra,* the purported will of John Wheatly was probated in common form. Many years later a petition was filed praying for an order to have the script re-propounded to the end that the petitioners might show that the same was not the last will and testament of Wheatly. The Court held that the petitioners had the right "to call for a probate in solemn form, so as to have the validity of the will passed upon by a jury—a test to which it has not before been subjected." And *Pearson, J.,* speaking for the Court, said: "The exigence of the estates of deceased persons, sometimes requires that probate of wills should be taken before there is time to serve notice upon the next of kin, because of a present necessity that someone should represent the deceased, take charge of the estate, collect debts, pay creditors, &c., for this reason a probate 'in common form,' that is, without citation to the next of kin, or others who may be interested, is allowed. This probate is valid until it is set aside, and cannot be impeached collaterally . . . But such probate is not conclusive. To have that effect the probate must be in 'solemn form;' that is, after citation, *per testes;* or under our statute, in case of a *caveat, by verdict of a jury.* If the executor wishes to conclude the matter, he may, after probate in 'common form,' proceed to have cita-tions issued and propound the will in 'solemn form.' Or the next of kin are entitled, of common right, to have such probate set aside, so as to give them an opportunity of contesting its validity, and having a probate *per testes,* or by the verdict of a jury."

In the case of *Collins v. Collins, supra,* a paper writing purporting to be the last will and testament of J. T. Collins was exhibited to the clerk for probate by the widow and heirs at law of the deceased, except J. K. Collins and W. G. Collins, who, without entering a formal caveat, ob-jected to the probate and recording of the instrument. The clerk made inquiry by taking evidence of witnesses, examined and cross-examined by the two objecting heirs. The clerk declined to admit the paper writing to probate. The propounders appealed to the Superior Court and the clerk certified his acts and entered the cause on the civil issue docket. When the cause came on for hearing, the objectors took the same position which the appellees have taken in the instant case. "The objecting parties at the trial, . . . insisted that there was nothing for a jury to try—that a question of law only was presented by the appeal, and that that de-pended upon the evidence and ruling before and by the clerk. His Honor held otherwise, and proceeded with the jury to try the issue," of *devisavit vel non.* Upon appeal to this Court the procedure adopted by the court below was approved and the judgment affirmed.

Likewise, the cases of *Randolph v. Hughes, supra,* and *In re Will of Rowland, supra,* are not decisive of the question presented for determination on this appeal.

Moreover, we find a correct statement of the law with respect to the two forms of probate in solemn form, in Mordecai's Law Lectures, Vol. II, 2nd Ed., page 1211: "(1) Where the next of kin and other interested persons are cited to appear and 'see proceedings,'—or they come in voluntarily to 'see proceedings'—and a judgment is entered for or against the will, but there is no verdict of a jury because no issue is raised by the parties; (2) Where a person, entitled so to do, intervenes and enters a caveat—denies the validity of the will—and thereby raises an issue of *devisavit vel non,* upon which issue a verdict is taken, and judgment entered in accordance with the verdict."

The probate of a will in common form, being an *ex parte* proceeding on application of the propounder, may be caveated at the time of application for probate or at any time within seven years thereafter by "any person entitled under such will, or interested in the estate." G.S. 31-32. On the other hand, a probate in solemn form is in the nature of a decree pronounced in open court where all interested parties have been duly cited and is irrevocable.

A clerk of the Superior Court may probate a will in solemn form, without the verdict of a jury, that is *per testes,* where interested parties are cited to appear and "see proceedings," or they come in voluntarily to "see proceedings," and such parties raise no issue of fact. But, where an interested party intervenes in such proceeding and objects to the probate of the will, denying its validity, whether he files a formal caveat or not, it will raise the issue of *devisavit vel non,* which issue must be tried by a jury. Such procedure is required by G.S. 1-273, which reads as follows: "If issues of law and of fact, or of fact only, are raised before the clerk, he shall transfer the case to the civil issue docket for trial of the issues at the next ensuing term of the superior court." *Brittain v. Mull,* 91 N.C. 498; *Collins v. Collins, supra; In re Little,* 187 N.C. 177, 121 S.E. 453; *In re Will of Brown,* 194 N.C. 583, 140 S.E. 192; *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330.

The propounder, intervener, objector, or caveator, may not waive a trial by jury on the issue of *devisavit vel non.* Such cause must proceed to judgment, and a motion for judgment as of nonsuit, or for a directed verdict, will not be allowed. *In re Will of Roediger,* 209 N.C. 470, 184 S.E. 74; *In re Will of Redding,* 216 N.C. 497, 5 S.E. 2d 544; *In re Will of Hine,* 228 N.C. 405, 45 S.E. 2d 526; *In re Will of Morrow,* 234 N.C. 365, 67 S.E. 2d 279.

Moreover, it is said in *In re Will of Kelly,* 206 N.C. 551, 174 S.E. 453: "The law makes two subscribing witnesses to a will indispensable to its

formal execution. But its validity does not depend solely upon the testimony of the subscribing witnesses. If their memory fail, so that they forget the attestation, or they be so wanting in integrity as wilfully to deny it, the will ought not to be lost, but its due execution and attestation should be found on other credible evidence. And so the law provides." *Bell v. Clark,* 31 N.C. 239; *In re Will of Deyton,* 177 N.C. 494, 99 S.E. 424; *In re Will of Redding, supra.* "The law seems to be settled in this State that parties are not bound or concluded by the testimony of one of the subscribing witnesses, but may show the very truth of the matter by other testimony." *In re Will of Deyton, supra.*

The judgment entered in the court below is

Reversed.