In the Matter of the Last Will and Testament of HILDA SMITH DUKE, Deceased.

(Filed 14 January, 1955.)

1. **Wills § 23a: Evidence § 41—Declaration introduced for purpose of showing state of mind and not to prove truth of matters therein declared, does not come within hearsay rule.**

   The will in suit left all testatrix' property to her husband. Caveators offered evidence tending to show that bad relationship existed between testatrix and her husband. The husband died prior to the trial. *Held:* It was competent for a witness to testify that after the execution of the paper writing, the husband directed the witness to prepare a will for him leaving all of his property to his wife, and stated after the papers had been drawn that they were just as he wanted, since the declaration of the husband is competent as tending to show the state of his mind in refutation of the charges of the bad relationship between him and his wife, and was not introduced for the purpose of proving the contents of the husband's will, in which event it would have been incompetent under the hearsay rule and under the best evidence rule.

2. **Wills § 24: Trial § 28—**

   Where all the evidence tends to show that the paper writing propounded was executed in accordance with the formalities required by law, and there is no evidence *contra*, it is proper for the court to charge the jury that if they believe the evidence and find all the facts to be as the evidence

tends to show, and by its greater weight, to answer the issue in the affirmative. Such charge does not constitute a directed verdict, since it is made to rest upon the findings of the jury upon the evidence offered.

APPEAL by caveators from *Frizzelle, J.,* at June Term, 1954, of LENOIR.

Issue of *devisavit vel non,* arising by reason of caveat to purported will of Hilda Smith Duke, probated in common form.

In caveat filed, the caveators, brothers, sisters and nieces of Hilda Smith Duke (also referred to hereinafter as Hilda S. Duke and as Mrs. Duke), set forth, among others, these pertinent facts: That Hilda Smith Duke, late of Lenoir County, died 5 December, 1952; that on 15 December, 1952, one B. R. Tenney presented to the court a paper writing, and on 4 February, 1953, Garland L. Duke, through his attorney Guy Elliott, requested that the same be probated as the last will and testament of the said Hilda S. Duke, "the same being in words and figures as set out in the paper writing hereto attached, marked Exhibit 'A,' and asked to be taken as a part hereof" (but in the record it is not shown as attached or at any other place); that the said Garland L. Duke alleges that the paper writing was the last will and testament of the said Hilda S. Duke, and procured the same to be admitted to probate in common form as such on 20 February, 1953; that Garland L. Duke renounced his alleged right to qualify as executor of the estate of said Hilda S. Duke in favor of First Citizens Bank and Trust Company, and, on 26 February, 1953, procured its appointment as administrator *c.t.a.* of her estate; and that the said paper writing, of which Exhibit A is a copy, is not the last will and testament of the said Hilda S. Duke, now deceased, for that: "(a) As these caveators are informed and believe and, upon such information and belief, aver, the execution of the said paper writing and the signature of the said Hilda S. Duke thereto was obtained by Garland L. Duke through undue and improper influence, intimidation and duress practiced and exercised upon the said Hilda S. Duke by her said husband, Garland L. Duke.

"(b) At the time of the purported execution of the said paper writing by the said Hilda S. Duke, she, the said Hilda S. Duke, was, by reason of disease and both mental and physical weakness and infirmities, not capable of executing a last will and testament, which condition had existed for several months prior to April 28, 1952, and continued until the death of the said Hilda S. Duke."

The record shows that the issue was duly transferred to Superior Court for trial; that upon the motion of caveators at 15 June, 1953 Term, it being made to appear to the court that Garland L. Duke, one of the parties interested in the action and upon whom citation had been served, had died leaving him surviving Clyde Lewis Duke, an infant son, and that First Citizens Bank and Trust Company having been appointed both

administrator of the estate of the said Garland L. Duke, deceased, and as general guardian of said infant, the court entered an order making it, in both capacities, party to the proceeding, which was accordingly done.

Thereafter the issue came on for trial when and where the propounders offered evidence tending to show the formal execution of the paper writing as the last will and testament of Hilda Smith Duke, signed by her, and subscribed in her presence by two witnesses, Guy Elliott, who prepared the paper writing, and Sally Willoughby Smith, wife of James M. Smith, brother of Hilda S. Duke. Upon cross-examination of the latter witness by attorneys for caveators, she expressed opinion that between 1 April, 1952, and the date of death of Hilda S. Duke, she, the said Hilda S. Duke, did not possess sufficient mental capacity to know who were the natural objects of her bounty, the nature and extent of her property and the legal effect of signing a paper writing disposing of her property by will (quoting the witness) "because she has been sick so long . . . and with the medicine and all that she was taking, and all, I really don't think so." And on re-direct examination this witness, after stating that Hilda S. Duke "was suffering from cancer . . . internal," testified: "She didn't tell me immediately after she had executed the will who she had left the property to. She told me at that time, she said, 'I wanted him to have something,' and said, 'but like everything was, all of it was in my name, and if I hadn't done something he could not have gotten anything.'"

Thereupon, over objection and exception by caveators, propounders introduced in evidence the will in question.

And thereupon Guy Elliott, recalled to the witness stand, testifying to other matters, expressed opinion that at the time Hilda Smith Duke executed the will she had mental capacity to know the nature of her property, the natural objects of her bounty, such as her husband, and the effect and import of making a will.

And on cross-examination this witness further testified that Clyde Lewis Duke was the child of Mr. Duke by a former marriage; that the will of Mrs. Duke purported to give to Mr. Duke all the property that she owned; that Mrs. Duke was in hospital on several occasions and that Mr. Duke was in and out of Veterans Hospital on several occasions,— "had a throat operation one time."

The propounders having rested their case, the caveators offered the testimony of B. R. Tenney, and of many other witnesses, tending as they contended, to support the allegations on which the caveat is grounded.

This testimony tended to show, among other things, that Mr. Duke, the husband, was afflicted with cancer of the throat; that he assaulted his wife, and otherwise mistreated and punished her; that he tried to get her to sign over her property to him, and threatened her because she would

not do so, and that the relationship between them was bad. (The details of which would serve no useful purpose.)

And when the caveators rested their case, the propounders offered testimony of several witnesses who expressed opinion that Mrs. Hilda Smith Duke, during the months of April and May 1952 had mental capacity to know the nature and extent of her property, the natural objects of her bounty and the legal effect of any paper writing disposing of her property. And the testimony offered by propounders tended to controvert the testimony offered by caveators in respect to the treatment of Mrs. Duke by her husband, and as to the relationship between them.

And the witness Guy Elliott, being recalled to the stand, was asked this question, to which he replied as shown: "Q. Did you ever write a will for Mr. Garland Duke; and, if so, when? A. As I recall, I had a message from Mr. Duke that he wanted a will prepared, giving everything that he owned to his wife, and that she be named his administratrix without bond. The will was prepared in my office. I read it over, and handed it to my secretary and told her that if Mr. Duke came in, in my absence, to deliver it to him, and to caution him about the witnesses. When I returned to the office, he had been there and procured the will, so she said. A day or two, maybe three or four days after that, I don't remember how long now, but soon afterwards, I met Mr. Duke on the street, in front of the Caswell Hotel, and I thanked him for the business and asked him if he signed it, if it was witnessed. He said, yes, it was all fixed, and he had put it in his papers, and it was just like he wanted it. I have refreshed my mind about the date, and the copy that I have in my office is dated September 5, 1952."

Caveators entered objection to the question, and moved to strike the answer, both of which were overruled, and they excepted to each ruling. Exceptions 7 and 8.

The case was submitted to the jury upon these issues, which were answered by the jury as indicated:

"1. Was the paper writing propounded as the last will and testament of Hilda Smith Duke executed in accordance with the formalities required by law? Answer: Yes.

"2. Did Hilda Smith Duke have sufficient mental capacity, at the time of the execution of said paper writing, to make and execute a valid will? Answer: Yes.

"3. Was the execution of said paper writing procured by undue influence as alleged? Answer: No.

"4. Is the paper writing propounded, and every part and clause thereof, the last will and testament of Hilda Smith Duke, deceased? Answer: Yes."

Thereupon the court, by judgment entered, ordered, adjudged and decreed that "the paper writing dated the 28th day of April, 1952, propounded for probate and every part thereof is the last will and testament of Hilda Smith Duke and the same is hereby admitted to probate in solemn form," and directed the administrator *c.t.a.* to proceed with its duties as by law provided.

Caveators except thereto, and appeal to Supreme Court and assign error.

*Owens & Langley, Allen & Allen, and L. J. Phipps for propounders, appellees.*

*Jones, Reed & Griffin for caveators, appellants.*

WINBORNE, J. While caveators, the appellants, bring up and present for decision four or more assignments of error, only two require express consideration, and in them prejudicial error is not made to appear.

The first assignment of error so presented in brief of caveators is based upon exceptions Numbers 7 and 8, in respect to the testimony of the witness Guy Elliott last given as shown in the foregoing statement of the case. As to this, the caveators contend that declarations of Garland L. Duke, a beneficiary under the will of Hilda Smith Duke, are incompetent as hearsay and self serving declarations, and that they are also incompetent under the best evidence rule.

At the outset, the setting under which the testimony was offered must be kept in mind. Here the caveators had offered testimony tending to show that bad relationship existed between the testatrix, Mrs. Duke, and her husband, and that he was the beneficiary under her will.

And it is manifest that propounders were countering with declaration of the husband as tending to show his state of mind in refutation of the charges of bad relationship between him and his wife. For this purpose the declaration was competent. We find it declared in Stansbury's N. C. Evidence, Section 141, that "If a statement is offered for any purpose other than that of proving the truth of the matter stated, it is not objectionable as hearsay." *S. v. Griffis,* 25 N.C. 334, m.p. 504; *Falls v. Gamble,* 66 N.C. 346, m.p. 455.

In the *Griffis case* the Court in opinion by *Gaston, J.,* said : "The testimony to which the defendant has excepted is not liable to the objection that it is 'hearsay evidence.' It was not offered to show the truth of what the defendant's father had said, but simply to prove the fact that he made such a declaration. If that fact became material or relevant to the inquiry before the jury, certainly testimony of the fact was proper."

Indeed, in 57 Am. Jur. 300, Section 419, the author states: "The declarations of a beneficiary may be admissible on the issue of undue

influence under an exception to the hearsay rule, such for example, as one applicable where the declarant is dead"; and that "they may also be admissible when they are offered, not as proof of the fact asserted, but as original evidence establishing a state of mind . . ." And again in Section 422, page 302, it is said: "A declaration of the beneficiary is also admissible, not under any exception to the hearsay rule, but as original evidence, to show the attitude, affection or relation between the declarant and the testator."

Moreover, the author continues: "While in some cases the declarations of a beneficiary have been held inadmissible because made after the execution of the will, the general rule is that in the absence of some other reason for the exclusion of the declaration, the mere fact that it was made after the execution of the will does not render it inadmissible." See also Anno. 167 A.L.R. 13.

Furthermore, the best evidence rule is not applicable here. The purpose of the declarations is not to show the contents of a will of Garland L. Duke, but to show the fact that he expressed the desire to make a will naming his wife as the beneficiary, a manifestation of his state of mind, and attitude toward his wife.

The second assignment of error, No. 4, presented in brief of caveator appellants, based upon Exception 10, is to this portion of the charge: "The court instructs you the burden of that issue is upon the propounders to satisfy the jury upon the evidence and by its greater weight that the said paper writing propounded as the last will and testament of Hilda S. Duke was executed in accordance with the formalities required by law; and the propounders have offered such evidence and the court is not aware of any evidence to the contrary, and therefore instructs the jury that if you believe the evidence and all of the evidence and find the facts to be as all of the evidence tends to show, and by its greater weight, it would be your duty to answer that first issue 'Yes.' "

While this Court has held that on the issue of *devisavit vel non* a motion for judgment as of nonsuit, or for a directed verdict, will not be allowed, *In re Will of Ellis,* 235 N.C. 27, 69 S.E. 2d 25, and cases cited, this Court has also held in the case of *In re Will of Evans,* 223 N.C. 206, 25 S.E. 2d 556, that a charge, similar to the one now under consideration, does not constitute a directed verdict.

The record supports the statement of the court that the propounders have offered evidence that the paper writing propounded as the last will and testament of Hilda S. Duke was executed in accordance with the formalities required by law, and that the court is not aware of any evidence to the contrary. Hence it was proper for the court to give the instruction quoted above. The verdict is made to rest upon the finding of the jury upon the evidence offered.

Other assignments require no express consideration. Prejudicial error does not appear. Indeed, the case appears to have been fairly presented to the jury upon conflicting evidence, and the jury has resolved the case in favor of the validity of the will.

Hence in the judgment from which appeal is taken, there is

No error.